JACKSON *v.* WOODRUFF.

Opinion delivered May 13, 1893.

1. *Equitable relief against judgment at law.*

Equity will not compel a party obtaining judgment in an action at law to submit to a new trial, upon the ground that the judgment was procured by fraud, accident or mistake, unless it appears that a judgment materially different from that recovered, and in consonance with law and justice, might be the result of a new trial.

2. *Surprise—Negligent absence of party.*

A party against whom a judgment in an action at law has been recovered in the absence of himself and his attorney cannot resort to equity to obtain a new trial where such absence was not due to any fault of the opposing party or his counsel, but was caused by the failure of an attorney, not employed in the action, who promised but failed to apprise them of the date when the cause was set down for trial.

Appeal from Lonoke Chancery Court.

DAVID W. CARROLL, Chancellor.

*J. E. Gatewood, Sr.*, for appellant.

1. The appellee showed no legal ground upon which a new trial could have been granted. 5 Ark. 501; 40 *id.* 338; 39 *id.* 107; 2 S. W. Rep. 753; Mansf. Dig. sec. 5046; 10 Am. St. Rep. 339.

2. Appellee was guilty of negligence, and nothing appears in the complaint or evidence to bring this case within any of the rules of equity jurisdiction.

3. Equity will not grant a new trial unless the judgment is contrary to equity and good conscience. See 48 Ark. 535; 16 A. & E. Enc. Law, p. 539; 51 Ark. 341; 13 *id.* 600. Party must show that his presence at the trial was necessary. 5 Ark. 501; 13 Ark. 600. See also 3 Am. St. Rep. 630.

4. It was error to set aside the judgment at law. Equity must operate on the *persons* of the litigants. 11 Ark. 442; 35 *id.* 123; 40 *id.* 338; *ib.* 551; 39 *id.* 107; 48 *id.* 355; 51 *id.* 341. None of these cases overrule 11 Ark. 442, and in them nothing is said as to how the order of the chancellor should be enforced.

*Oliphint & Shackelford* for appellee.

1. It was not appellee's fault that the motion for new trial was not passed on, and a new trial should have been granted. See 40 Ark. 341; 48 *id.* 536; 51 *id.* 343.

2. The judgment gives the appellant an advantage which a court of equity ought not to permit. Cases *supra*.

3. 35 Ark. 125, settles the point that a court of equity has power to grant a new trial.

4. The chancellor found that appellee was in no fault, and that the judgment gave appellant an advantage which ought not to be permitted. The preponderance against the finding of a chancellor ought to be clear to warrant a reversal. 44 Ark. 216.

BATTLE, J.   A. M. Woodruff, as surviving partner of M. M. Woodruff & Co., sold certain personal property to D. H. Jackson on a credit, describing the same "as a stock of dry goods and groceries, * * store fixtures, such as counters, shelving, show-cases, scales, iron safe and all other things not enumerated, belonging to the firm of M. M. Woodruff & Co., at Austin station, Ark.," and taking his promissory notes for the purchase money.   Jackson paid these notes, except a balance of $125 and interest on the one last falling due.   A. M. Woodruff, to whom this note was made payable, brought suit on it in the Lonoke circuit court to recover the balance ; and the action was set for trial on Thursday of the first week of the term of the court to which it was brought; and, on the third day of the term, Jackson, the defendant, filed an answer in which he stated that, of the property for which the note was given, the "fixtures," counters, shelves, heating-stove, show-case, and many other things had not been delivered, and that by reason thereof he had been damaged in a sum in excess of the amount due on the note ; and asked for judgment against the plaintiff for the excess.

On the 4th day of the term the cause was regularly called for trial, and the plaintiff not appearing in person or by attorney, and the defendant insisting on a trial, it was tried, and a judgment was recovered by the defend-

ant against the plaintiff for $25. During the same
term, plaintiff, by attorney, appeared and filed a motion
to set aside the judgment, asking that a new trial be
granted to him, and argued and submitted the motion on
his part, and returned to his home in Little Rock; and
several days thereafter the court adjourned without act-
ing on the motion. After this the plaintiff filed in the
Lonoke chancery court a complaint asking that the
judgment of the Lonoke circuit court be set aside, and
for a new trial. The defendant answered, denying the
material allegations·in·the complaint, and stating de-
fenses. The chancellor heard the evidence adduced, and
rendered a decree setting aside the judgment, granting
a new trial to the plaintiff in the Lonoke circuit court,
and taxing him with the costs.

From the decree of the chancery court the defendant
Jackson prosecutes this appeal.

1. When
equity grants
a new trial.

"It is well settled that where a judgment is ob-
tained in a court of law by fraud, accident or mistake,
unmixed with negligence on the part of the party against
whom it is rendered, a court of equity has jurisdiction,
on a showing of a meritorious defense or cause of action,
to compel the party obtaining the judgment to submit to
a new trial. But it is agreed that this power should be
exercised with great caution," and only when justice im-
peratively demands it. Mere errors committed by the
court of law in the trial will not be sufficient to warrant
its exercise. Equity does not concern itself about the
forms of law and regularity of proceedings when the
ends of justice have been attained; and it will not inter-
fere unless it appears that a judgment materially differ-
ent from that recovered, and in consonance with law and
justice, might be the result of a new trial. It grants
new trials for the administration of justice, and only
when some grounds of equitable interposition, in addi-
tion to the injustice of the judgment, exists. *Leigh* v.

*Armor*, 35 Ark. 123; *Vallentine* v. *Holland*, 40 Ark. 338; *Johnson* v. *Branch*, 48 Ark. 535; *State* v. *Hill*, 50 Ark. 458; *Whitehill* v. *Butler*, 51 Ark. 341.

Appellee does not deny that the consideration of the note sued on in this action in the Lonoke circuit court was as before stated, or that the property he failed to deliver, as alleged by the appellee in his answer in said action, was a part of said consideration. But on the contrary he alleged in his complaint in the chancery court that "it is not true" that he failed to deliver it, and in his testimony says that Woodruff & Co. bought a stock of goods from Dodd, Brown & Co., which formerly belonged to one J. A. Martin, and received from them a bill of sale for the same, which included the stock of general merchandise, safe, counters, shelves, show-case, and all other "movable fixtures" contained at the time in the store-house of said Martin at Austin station, in this State, and that all these "fixtures" were in said house, except the safe, when he sold to Jackson; that Jackson had been in charge of the stock of goods, and of the store, as his clerk, for about a year before the sale to the appellant, and was in charge of the store-house when he (appellee) sold to him, and of the goods when the bill of sale was signed and delivered to him. He does not testify positively that the property was delivered which appellant alleges was not received, but vaguely and in the manner we have stated.

It appears from the evidence that appellee was a resident of Little Rock, and the property sold and the store-house were at Austin station in this State (two places some distance apart) at the time of the sale to appellant. How appellee could know that this property was in the store-house at the time of the sale to appellant, does not appear. The fair inference is, the statement of appellee as to the contents of the store-house at this time is a matter of opinion.

It was, however, satisfactorily shown by the evidence that the counters and shelves were the property of Martin, and were not the property of Dodd, Brown & Co. when they sold to Woodruff & Co.; and Martin, who was the owner of the property sold to Woodruff & Co. at the time it was sold under execution to Dodd, Brown & Co., in speaking of the property sold to appellant, testified that the counters and shelves, an iron safe, a show-case, and a pair of platform scales were not delivered to Jackson, and Jackson testified that appellee failed to deliver to him, of the property purchased, the counters and shelves, two pairs of scales, a heating stove and other things amounting in value to $180, which were in Martin's house, and claimed by him. When positive testimony like this is only opposed by surmises, it is not difficult to see where the preponderance of the evidence is, and what the decision of a jury charged to render a verdict thereon should be. According to this evidence a verdict of $25 in favor of the defendant against the plaintiff was not in excess of the amount due on the counter-claim pleaded in the circuit court. It is true that other evidence was adduced at the hearing which remotely affects the question, but it does so by attacking about equally the credibility of the parties to this action, but leaves Martin unimpeached.

2. No relief to the negligent.
But equity will not interfere where the judgment complained of was obtained through the negligence of the party seeking relief and against whom it was rendered. When the judgment was rendered against the appellee in the circuit court, neither he nor his attorney was present. He had no agreement with the defendant, his attorney, or the court, that the trial should be postponed. He and his attorney relied on an attorney who was not employed in the action for information which would enable them to be at the trial. This attorney

failed to give the information, having forgotten to do so, and they failed to be present. They were not misled by the defendant or his attorney, and must abide the consequences of their absence.

According to the equitable rule appellee is not entitled to a new trial.

The chancery court erred in annulling the judgment of the circuit court, in setting aside the verdict of the jury, and ordering a new trial in the action at law. These courts are of equal grade and dignity. The chancery court has no supervisory control over the circuit court. It can act on the parties, but not directly on the judgment or the court which rendered it. *Pelham* v. *Moreland*, 11 Ark. 442. But as a new trial should not have been granted, it is not necessary, in the present case, to indicate the proper course to be pursued in cases in which any of the parties may be required to submit to a new trial in an action of law. As to what the proper practice in such cases is, the following authorities may be read with profit: *Knifong* v. *Hendricks*, 2 Gratt. 213; *Wynne* v. *Newman*, 75 Va. 811; 2 Freeman on Judgments (4th ed.), sec. 485; 2 Daniel's Chancery Pleading and Practice (4th ed.), pp. 1111, 1114, 1115 and note 7, and 1119; 1 Hoffman's Chancery Practice, 510, 511; 2 Smith's Chancery Practice, star pages 76, 77, 80, 81.

The decree of the chancery court, is therefore set aside, and the complaint in this action is dismissed.