BANK OF PINE BLUFF *v.* LEVI.

Opinion delivered April 5, 1909.

1. JUDGMENT.—CONCLUSIVENESS.—An order confirming a judicial sale is in the nature of a final judgment or decree, and has the same force and effect as any other final decree or judgment. (Page 169.)

2. JUDICIAL SALES—CONCLUSIVENESS OF CONFIRMATION.—A confirmation of a judicial sale will not be set aside for reasons that are not cogent or on account of matters which ought to have been attended to by the complaining parties before the sale. (Page 170.)

3. SAME—EFFECT OF CONFIRMATION.—Before confirmation of a judicial sale, irregularities, misconduct or unfairness may be shown to impeach the sale; but after confirmation such defects and irregularities are cured, and every presumption will be indulged in favor of its fairness and regularity. (Page 170.)

4. JUDGMENTS—FRAUD.—The fraud which entitles a party to impeach a judgment is not false or fraudulent acts or testimony, the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment that is assailed, but must be a fraud in the procurement of the judgment itself. (Page 170.)

5. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A finding of facts made by a chancellor will not be disturbed on appeal if it is not against the preponderance of the evidence. (Page 173.)

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*White & Altheimer,* for appellants.

While, in the absence of fraud, unfairness or other wrongful act on the part of the purchaser or those conducting the sale, or occurrence of special circumstances affording ground for equitable relief, mere inadequacy of price will not justify an appellate court in interfering with the sale, yet, if such facts are established and the price is inadequate, it is justified in setting the sale aside. 65 Ark. 152. It is warranted in this case:

1. By the conduct of the administrator in not submitting to the court the fact that his attorney caused suit to be brought by Arnold, and asking leave to employ a disinterested attorney to represent the estate; also in failing to notify creditors of what had transpired. 75 Ark. 188. In leaving everything pertaining to his duties as administrator to the attorney, the latter became in effect the administrator. As attorney he was bound in the same strictness as the administrator. 33 Ark. 586; 30 Ark. 48.

2. By the conduct of the attorney, whose duty it was to see that the property brought the highest price obtainable in acting for and advising with the purchasers. 75 Ark. 188.

3. By the conduct of the purchasers in employing to buy the property for them the one attorney who should have been in-

terested in seeing that the property brought the highest price. 34 Ark. 464. And by the act of that attorney in misleading the creditors.

4. The lots, though 360 feet apart, were sold jointly. This was erroneous. Rorer on Jud. Sales, § 563. The notices did not fix a time of day for the sale, even omitting to state that it would be within judicial hours. It did not give correct style of the case. Copy of the advertisement was not served as required by law. Kirby's Dig. § 4923.

*Irving Reinberger,* for appellee.

The testimony does not sustain the contention of appellants as to misconduct of the administrator, attorney or purchaser. There is no duty resting upon a court to set aside a sale of lands for the purpose of allowing an interested party to advance the bid of the purchaser, where the sale has been made in accordance with the decree directing it, the property has brought its market value, and there is no fraud, unfairness or other wrong act injurious to the sale. 65 Ark. 154. It will not before confirmation set aside a sale for mere inadequacy of price, nor will it after confirmation set the sale aside, even though the price was grossly inadequate, except for fraud. 77 Ark. 216, and cases cited. Nor because the property was sold *en masse.* 12 Am. & Eng.. Enc. of L. 236.

FRAUENTHAL, J. The appellants are a part of the creditors of the estate of Hanchi Bloom, deceased, and they instituted this suit, by an original bill in equity, to set aside an order of the Jefferson Chancery Court confirming a sale of land made under a decree of foreclosure of a mortgage in that court in a cause wherein Eugene C. Arnold *et al.* were plaintiffs and Sidney Weil, administrator of said estate, *et al.* were defendants. Hanchi Bloom departed this life intestate on November 2, 1905, and left surviving her two children, the appellees, Minnie Levi and Edna Straus. The other appellee, Sidney Weil, was appointed administrator of her estate.

Ou June 14, 1905, Hanchi Bloom executed a mortgage upon two lots in the city of Pine Bluff, Ark., to Eugene C. Arnold in order to secure the payment of a note for $3000 and interest executed by her to Rufus Arnold, trustee. After her

death, Eugene C. Arnold and Rufus Arnold, trustee, as plaintiffs instituted suit in the Jefferson Chancery Court against Sidney Weil as administrator of said estate and Minnie Levi and Edna Straus as heirs of Hanchi Bloom, deceased, for the foreclosure of said mortgage. A decree was duly entered in their favor for the amount of said note and subjecting said land to the payment thereof; and to that end decreeing the sale of said lots. Edward Brewster was appointed commissioner to make the sale, and after due advisement by published notice as prescribed by law he sold the lots to said Minnie Levi and Edna Straus for $3500 on December 27, 1906; and on the same day filed his written report of the sale in the said chancery court. On December 28, 1906, the said chancery court by decree confirmed said sale, and said decree amongst other things states:

"And it further appearing to the satisfaction of the court that said sum is a fair consideration for said property, the said report is in all things approved, and the sale herein is confirmed." Thereafter, in pursuance of said sale, the commissioner executed a deed for said lots to said Minnie Levi and Edna Straus, which was approved by and duly acknowledged in said chancery court.

On January 25, 1907, this suit was instituted to set aside said decree confirming said sale, for the reasons, as alleged in the complaint, that the price is inadequate, and the sale was not conducted in a fair manner; that there was collusion between the seller and buyer and bids were stifled; and also because there were certain irregularities in the making of said sale. Complainants offered to refund the full amount of the bid, and asked that the deed to the purchasers be cancelled, and a resale of the land be made.

The appellees denied all the material allegations of the complaint in their respective answers. Upon a hearing of the cause upon the pleadings and testimony, the chancery court dismissed the complaint for the want of equity; and from that decree this appeal is prosecuted.

The cause that is now presented on appeal to this court is not an appeal from the order or decree of the chancery court confirming the sale of the land; but it is an effort by an original proceeding to set aside that decree. The order confirming a judicial sale is in the nature of a final judgment or decree, and has

the same force and effect as any other final decree or judgment. In the original suit wherein the decree of sale is made there is some measure of discretion, both as to the manner and conditions of a sale, as well as to ordering or refusing a resale. The chancellor will always make such provisions as to notice and other conditions as will protect the rights of all interested; and after the sale has been made he will before confirmation see that no wrong has been accomplished in and by the manner in which it was conducted. But the purpose of the law is that such sales shall be final; and to insure reliance upon such sales it is essential that no sale be set aside for reasons that are not cogent, or on account of matters which ought to have been attended to by the complaining parties before the sale. And so it has been held that, even before the confirmation of sale, a party is not entitled to have the sale set aside upon an offer of a large advance upon the purchaser's bid, if the land brought its market value. *Colonial & U. S. Mortgage Co.* v. *Sweet,* 65 Ark. 152; *Pewabic Mining Co.* v. *Mason,* 145 U. S. 349.

Before the confirmation of the commissioner's sale, irregularities may be shown, that the sale was not made in accordance with the provisions of the decree; or any misconduct or unfairness may be shown, in order to set aside such sale. And upon all these matters the chancery court passes when it makes its decree of confirmation. And from such order or decree of confirmation an appeal lies. Rorer on Judicial Sales, § 132.

But after a confirmation of the sale has been made by order of the court all defects and irregularities in the conduct of the sale are cured; and every presumption will be indulged in favor of its fairness and regularity. *Waldo* v. *Thweatt,* 64 Ark. 126; *DuHadaway* v. *Driver,* 75 Ark. 9; *Culver Lumber & Mfg. Co.* v. *Culver,* 81 Ark. 102; *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154.

Such a decree is in effect the judgment of a superior court which may be set aside on appeal, but the validity of which cannot be attacked except on account of fraud. But the fraud which entitles a party to impeach a judgment must be a fraud extrinsic of the matter tried in the cause. It must not consist of any false or fraudulent act or testimony, the truth of which was or might have been in issue in the proceeding before the

court which resulted in the judgment that is thus assailed. It must be a fraud practiced upon the court in the procurement of the judgment. *Scott* v. *Penn,* 68 Ark. 492; *James* v. *Gibson,* 73 Ark. 440; *Boynton* v. *Ashabranner,* 75 Ark. 415; *Parker* v. *Bowman,* 83 Ark. 508; *United States* v. *Throckmorton,* 98 U. S. 61; *Moffat* v. *United States,* 112 U. S. 24.

Now, it is not contended in this case that any fraud was practiced in the procurement of the original decree of foreclosure in the case of Arnold *et al. v.* Weil, Admr., *et al.,* under which the sale was made. The only attack that is made is on the decree or order of confirmation of that sale.

In the making of this sale Brewster was commissioner, and represented the court as the vendor. There is no contention, and not even a suggestion by appellants, that the commissioner was guilty of any act of omission or commission, or of any connivance with the purchaser or any other party in the conduct of the sale that was fraudulent or that had the semblance of fraud. He advertised the sale in the manner and for the time prescribed by the decree and the law; he conducted the sale in an open, public and fair manner; he made report in writing of every act done in the conduct of the sale. Upon the hearing of this report of sale, these acts and the manner of the conduct of the sale were in issue; every alleged irregularity in the sale was in issue; the adequacy of the price and the bids were inquired into; and all these issues were determined by the court, when it entered its decree. The appellees, Minnie Levi and Edna Straus, had a legal right to bid and become purchasers at the sale; and their bid was reported to and passed on by the court. If by inattention to or lack of knowledge of the time of sale the appellants did not attend the sale, this could not affect the regularity or fairness of the sale or the validity of the order confirming it. The published notice was all the notice that the provisions of the decree or the law required, and all that was necessary.

It was contended by appellants that the attorney of the administrator of the estate of Hanchi Bloom procured the institution of the foreclosure suit. That is controverted, and the finding of the chancellor is against that contention. But the decree of foreclosure itself is not attacked by defendants. The plaintiffs in the foreclosure suit had the right to bring the suit, no matter

at whose suggestion. It is conceded that their debt and mortgage were honest, and that the decree of foreclosure is just and correct.

It is insisted that the attorney of the administrator assisted in the preparation of the decree of foreclosure against the estate, and failed to notify these appellants, who were creditors of the estate, of the decree of foreclosure or of the date of the sale, and that his acts in being instrumental in and his activity for these foreclosure proceedings were inconsistent with his duties as such attorney of the administrator. The attorney insists that his acts were not inconsistent with his duties; that other attorneys instituted the foreclosure suit; and, though he suggested the suit and assisted in the preparation of the foreclosure decree, still that was not inconsistent with his duties to the estate, inasmuch as the debt and mortgage were just, and there was no defense thereto.

But, in whatever view the acts and conduct of the attorney of the estate may be looked upon, they did not constitute a fraud upon the chancery court in the procurement either of the decree of foreclosure or the decree of confirmation. The plaintiffs in that suit had the right to foreclose the mortgage and to procure the sale of the land thereunder, no matter at whose suggestion; and no fraud was practiced on the court when this was done.

Now, if the administrator of the estate or the attorney of such administrator had been the purchaser at the sale, then a different question would arise. "No one can be permitted to purchase an interest where he has a duty to perform that is inconsistent with the character of the purchaser." And so the policy of the law and of justice will not permit the administrator or the attorney of the administrator to buy property in the course of litigation, of which property they have the management or in which litigation they are engaged. A trustee and the attorney of a trustee cannot deal with trust property in any manner for his own benefit. *Montgomery* v. *Black,* 75 Ark. 184; *West* v. *Waddell,* 33 Ark. 575; *Wright* v. *Walker,* 30 Ark. 44.

But in this case the administrator of the estate and the attorney of the administrator did not purchase at said sale, and were not interested in any manner in said purchase.

The appellees, Minnie Levi and Edna Straus, were the sole

purchasers at the sale, and no other person was directly or indirectly, under the evidence, interested with them in the purchase. They occupied no position or relation of trust or confidence towards the estate or any of the appellants. They had the right to purchase at said sale, as any person who was a stranger to the proceedings could have done. They are not affected by any act or conduct of the administrator or of his attorney, even if such act could be held to have been constructively fraudulent.

Under the evidence, we do not find that there was any concert of action or any combination between these purchasers and the administrator or his attorney by which their purchase can be impeached for fraud, either in fact or by construction.

The plaintiffs in the foreclosure suit proceeded, as they had a right to do, to secure the sale of the lots under the provisions of the law; the appellees, Minnie Levi and Edna Straus, had a right to purchase, and in such purchase, under the evidence, they were not connected, directly or indirectly, with the administrator or his attorney. Under the testimony they paid a reasonably fair price for the lots. The lots were variously estimated as being worth from $3800 to $5000, and they paid $3500 therefor. Even if it could be found that this price was inadequate, it was not sufficiently inadequate to set aside the sale upon original hearing of the report of the commissioner. *George* v. *Norwood,* 77 Ark. 216.

The appellants refer to some other matters which they claim affect the merits of the case. They urge that there is evidence of stifling of bids; but we do not think they are sustained in this by the testimony. They suggest that the lots were sold jointly, that the notice of sale did not fix the hour of the sale, and some minor defects, all of which, if shown by the evidence, were cured by the decree of confirmation.

The issues of fact involved in this suit were presented to the chancellor, some of them on two occasions. Some of them were presented when the original decree confirming the commissioner's sale was entered. On both occasions he found that the evidence justified the confirmation of said sale. Upon a careful examination of the evidence we cannot say that the finding of the chancellor is against the preponderance of the evidence. Under such circumstances his finding on appeal will not be dis-

turbed. *Whitehead* v. *Henderson, 67* Ark. 200; *Hinkle* v. *Broad-water, 73* Ark. 489.