## CASSADY v. NORRIS.

Opinion delivered May 17, 1915.

1. TAX SALES—FRAUDULENT JUDGMENT—BILL TO CONDEMN—FALSE ALLEGATIONS OF OWNERSHIP.—The false allegation in a bill in equity to condemn lands for non-payment of assessments, that the owner thereof is unknown, is not sufficient to constitute fraud on the part of the successful party, in obtaining the judgment of the court.

2. TAX SALES—DECREE—NOTICE.—In an action to set aside the decree of the chancery court condemning certain lands for sale for non-payment of assessments, when the decree recites that proper service was had, an allegation in the complaint as to want of service, *held*, not sufficient to show that the court did not have jurisdiction on that account.

3. JUDGMENTS—COLLATERAL ATTACK.—Mere errors and irregularities are not grounds for vacating a judgment by way of collateral attack; a judgment must be assailed only in a direct proceeding in the nature of a review on error.

4. PARTIES—COLLATERAL ATTACK ON A JUDGMENT.—In an action seeking to set aside a decree ordering certain lands to be sold for certain taxes' due an improvement district, the district is not a proper party.

5. JUDGMENTS—COLLATERAL ATTACK—TEST.—If an action or proceeding has an independent purpose and contemplates some other relief, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral.

5. JUDGMENTS—ATTACK—SUFFICIENCY OF ALLEGATIONS.—In an action attacking a decree of the chancery court condemning for sale certain lands for the non-payment of taxes, *held*, the attack being collateral, the decree was valid against the allegations in the complaint seeking to annul it.

7. JUDGMENTS—FRAUD IN PROCUREMENT.—Fraud as the basis of an action to impeach a judgment, must be a fraud extrinsic of the matter tried in the cause; it must not consist of any false or fraudulent act or testimony, the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment that is assailed; it must be a fraud practiced upon the court in the procurement of the judgment.

8. JUDGMENTS—CONFIRMATION OF SALE—IRREGULARITIES—PRESUMPTION.—After the confirmation of a sale has been made by order of the court, all defects and irregularities in the conduct of the sale are cured, and every presumption will be indulged in favor of its fairness and regularity.

9. TAX SALES—CONFIRMATION—OBJECTION.—Under Kirby's Digest, § §
5703 and 5731, the owner of lands which have been sold for
non-payment of taxes, can not complain after confirmation, of any
irregularities in said sale.

Appeal from Polk Chancery Court; *James D. Shaver*, Judge; affirmed.

### STATEMENT BY THE COURT.

On May 13, 1912, the Board of Waterworks Improvement District No. 2 of Mena, Arkansas, filed suit in the Chancery Court of Polk County against unknown owners of real estate in the district for the purpose of collecting delinquent taxes which became due on the 29th of March, 1912, and were delinquent on the 29th of April, 1912. Service was had on the unknown owners by publication of the summons in a newspaper and posting notices on the property. Judgment was rendered against appellant's property on the 15th of June and same was sold under the decree of the court to appellee R. L. Norris. The sale was afterwards confirmed, and the deed was executed and delivered to Norris on August 9, 1913.

The appellant brought this suit September 12, 1914. He made the Waterworks Improvement District No. 2 a party defendant, and also the appellee Norris. He set up in his complaint that he was the owner of the land in controversy; that he was not a party to the suit in which the same was condemned to be sold for delinquent taxes; that Norris, by failing to pay the taxes for the years subsequent to his purchase and allowing appellant to pay the same for those years, without notifying appellant of his purchase, had perpetrated a fraud on the appellant and was estopped from claiming title under his deed. The complaint then alleges various irregularities in the proceedings wherein judgment was rendered condemning the lands to be sold, which, if urged on a direct attack against the judgment, would have been sufficient to have set aside the same and to have rendered the sale thereunder void.

The complaint also alleges several irregularities in the sale, which, if urged before confirmation, would have

been sufficient to render the confirmation void and to have set aside the deed. Among others was an allegation that there was a collusive agreement among the bidders at the sale to suppress competition in bidding.

The prayer of the complaint was that the judgment condemning the land to be sold be set aside; that the sale be declared illegal and the deed set aside, and that "plaintiff's title be quieted in him, and for such other relief as to the court seems equitable and just."

The answer of the Board of Improvement admitted that it brought suit against the unknown owners of real estate in the district for the collection of delinquent taxes and that the lot in controversy was sold under the decree of the chancery court and was purchased by the appellee Norris. It admitted that it had received the full amount of taxes, penalty and costs for which the land was condemned to be sold. It denied that appellant was known to the commissioners to be the owner of the lot and denied that they had any knowledge as to who was the owner; denied that it perpetrated any fraud upon the appellant, and denied that the sale was invalid for any reason, and prayed that the suit be dismissed.

The appellee Norris answered, setting up that the decree under which he purchased was in all things regular; that the sale was in all things regular, and that the sale had been confirmed by the court and the deed made by the commissioner approved by the court, and setting up that the irregularities of which the appellant complained were a collateral attack upon the judgment of the chancery court condemning the lands to be sold.

The court, after hearing the testimony, found, that for the year 1912 an assessment was regularly made upon the real estate in the improvement district and the taxes regularly extended, among other lands, against the lot in controversy; that the taxes were not paid, and that the board of improvement brought suit against the unknown owners of the lands on which the taxes had not been paid, including the lot in controversy; that it was alleged in the complaint that the name of the owner of

this lot was unknown and the same was proceeded against as the land of an unknown owner. The court further found that after due publication and service as provided by law, the chancery court of Polk County rendered its decree condemning the lot in controversy to be sold; that same was sold by the commissioner appointed by the court for $5.90, which was the correct amount of the assessment, penalty and costs, and that the report of the commissioner in making the sale was in all things approved by the court and by it confirmed. The court further found that the property sold was not redeemed within one year; and that the commissioner, on the 8th day of August, 1913, more than one year after the making of the sale, executed to Norris his deed for the lot in controversy; that the decree, the sale and the deed and all the proceedings were regular and valid, and that the irregularities, if any, in the sale were cured by the confirmation thereof. The court further found that the improvement district had no interest in the present suit and dismissed the complaint as to it. The court further found that appellee Norris was not a party to any agreement among the bidders at the sale to suppress competition in bidding; that appellant had paid taxes and assessments since appellee's purchase of the lot amounting to the sum of $33.76 and declared the same a lien upon the land, and directed that upon the payment of this sum the appellee's title be quieted and that he have possession of the land in controversy. To reverse this decree is the purpose of this appeal.

*W. Prickett,* for appellant.

1.   This is a *direct* attack upon a judgment of a court in the exercise of a special statutory power conferred by statute, used in a summary manner and not according to the course of the common law. It is not a collateral attack.   23 Cyc. 1062, 1063, 1081, 1089; Black on Judg. 377; Blackwell on Tax Titles (4 ed.), 719; 36 Ark. 532. Kirby's Dig., § 5731, only makes the deed *prima facie* evidence.   It does not cut off all remedies for irregu-

larities in the proceedings. Blackwell on Tax Titles, p. 721.

2. It was the duty of Norris to pay the taxes after his purchase. 11 L. R. A. 817; Desty on Taxation, 7. Besides he is estopped. 69 Ark. 211.

3. The complaint was not verified. Kirby's Digest, § § 6120, 6253; 36 L. R. A. (N. S.) 1064.

4. The owner, if known, must be summoned, if unknown, the fact must be stated, and the suit shall proceed *in rem* against the property. Kirby's Dig., § 5694; 90 N. W. 255; 119 S. W. 879. Service by publication is not conclusive against known owners under a recorded title. 127 S. W. 164; 86 *Id.* 781; Kirby's Dig., § 762. The question of service was jurisdictional. Appellant was not a party to the suit and could not appeal. 69 Ark. 373; 87 *Id.* 610. The finding of the court must be that "service was had." 103 Ark. 450. Due notice must appear affirmatively in the record. Want of notice is fatal. 2 Ark. 124; 10 *Id.* 572; 103 *Id.* 450.

5. The sale was void. Kirby's Dig., § 5700; 68 Ark. 248; 33 L. R. A. 85, and notes; 51 Am. Dec. 781. There was an unlawful agreement among bidders to stifle competition. 82 Am. Dec. 143; Blackwell on Tax Titles, p. 302; 60 Ark. 217.

6. Confirmation does not *cure* all defects. 75 Ark. 9; 90 *Id.* 170. It will not cure a void sale or deed.

*Elmer J. Lundy,* for appellee.

1. This is a collateral attack on the judgment. None of the allegations of the complaint reach the jurisdiction of the court. 23 Cyc. 1063, 1064; 92 Ark. 611; 93 Pac. 20; 123 *Id.* 159; 95 Miss. 832; 100 Ark. 63, 446.

2. The jurisdiction of the court is the only question that can be raised. The finding of the court is conclusive on this point. 50 Ark. 188; 91 *Id.* 95; 72 *Id.* 101, 112; 94 *Id.* 588. The decree recites due service of process as prescribed by law, and the sale and deed were duly confirmed. This is conclusive. 23 Cyc. 1058; Kirby's Dig., § 5731; 114 Ark. 551.

3. Under Kirby's Digest, § 4434, a judgment can not be vacated until it is adjudged that there was a valid defense to the action. This applies to a judgment by default. 54 Ark. 539; 49 *Id.* 417.

4. As to the payment of taxes since the sale there is no estoppel. The court gave appellant a lien for the amount paid.

WOOD, J., (after stating the facts). The findings and decree of the court are correct.

(1) The appellant does not seek by appeal, writ of error, *certiorari,* nor by bill of review to set aside the judgment for the errors appearing in the face of the record, or on account of newly discovered evidence, nor does his complaint set forth facts sufficient to constitute a cause of action for vacating a judgment after the expiration of the term under Kirby's Digest, section 4431, which provides: "Fourth. For fraud practiced by the successful party in obtaining the judgment."

It is true that the complaint alleges, "Fourth, that said judgment was procured by fraud committed by plaintiff upon this court and this plaintiff, wherein the said plaintiff alleged in its complaint that the owner of said lot was unknown. The plaintiff denies the allegation in the complaint that the owner of said lot was an unknown owner, and states that the plaintiff was the owner at said time and was well known to be the owner; that he was known to be the owner to R. L. Norris, who served the summons, and to the board of improvement," etc. But these allegations were not sufficient to constitute a fraud practiced by the successful party in obtaining the judgment. The allegation in the complaint in the suit to condemn, that the owner was unknown, was sufficient to give the court jurisdiction to proceed against the property. It was not a fraud on the court to make this allegation although it was untrue, for the court had the power to inquire into its jurisdiction and to determine whether or not it was true. The recitals of the decree condemning the lot in controversy to be sold were, in effect, that the owners of the lots were designated as

unknown and that they were unknown to the board of improvement. We must presume, in the face of these allegations, that the court did make inquiry as to its jurisdiction to proceed against the property, and found that it had jurisdiction. In other words, that the complaint alleged that the owners of the lots were unknown and that such was the fact.

(2) Another ground alleged in the complaint for setting aside the judgment is that no service of summons was had against the plaintiff in the suit or against the lot in question; that the officer who served the summons failed to make his return as required by section 5696 of Kirby's Digest, showing that C. C. Cassady was not found in the county. But again the decree of condemnation recites, "that due service of process by summons had been had against each of the defendants for more than fifteen days next prior to this day by the posting of a copy of the summons in a conspicuous place on each of said lots and by publication of said summons for one issue in the Daily Mena Star, a newspaper published in the city of Mena, having a general circulation," etc., following substantially the requirements of the statute, section 5696, Kirby's Digest, in regard to the giving of notice where it was stated in the complaint that the owner was unknown. Therefore, it appears from the recitals in the decree to condemn that the court found that proper service had been obtained to warrant the proceeding *in rem,* and the allegation in the complaint as to the want of service was not sufficient to show that the court did not have jurisdiction.

Another ground alleged for setting aside the decree was "that the complaint in the cause was not verified by the plaintiff nor its solicitor, and that no proof was taken in said cause upon which a decree could be legally rendered, thereby committing a fraud upon this court and against this plaintiff." But the improvement district statute under which the land in controversy was condemned does not require that the complaint be veri-

fied, and in the absence of such verification is not a prerequisite to the court's jurisdiction.

None of the allegations of the complaint state facts sufficient to constitute a direct attack upon the judgment. We have no statute authorizing a judgment to be vacated or set aside upon such allegations as those contained in the complaint.

"Any proceeding provided by law for the purpose of avoiding or correcting a judgment, is a direct attack which will be successful upon showing the error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power." Vanfleets Collateral Attack, p. 5, section 3.

(3) The facts alleged in the complaint as grounds for vacating the judgment were mere errors and irregularities for which, as was said in *McCarter* v. *Neil*, 50 Ark. 188-190, the judgment could be assailed only in a direct proceeding in the nature of a review on error. The complaint here was clearly a collateral attack on the judgment.

(4) The improvement district was not a necessary party to the proceeding. There is no allegation that the taxes due the district were paid or that same were not a legal charge against the land. The judgment condemning the lands for sale had been fully executed and satisfied, the district having received its taxes. Therefore, no such suit could be maintained against the district for these taxes, and the district was not concerned in the controversy between appellant and the appellee Norris, the purchaser of the land, over the title thereto. The court correctly found that the improvement district had no interest in the matter. The primary purpose of the suit was to quiet title by having the deed held by appellee Norris cancelled and set aside. It is a proceeding not in the original suit in any direct manner to have the judgment vacated and set aside, but is merely an independent proceeding and having as its direct purpose the quieting of the title of appellant by setting aside the

deed of appellee Norris. This is the proper characterization of the suit, and it constitutes only a collateral attack upon the judgment of the chancery court under which the land in controversy was condemned and sold.

(5) In 23 Cyc., p. 1063-4, it is correctly stated: "If the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral." See, also, cases cited in note to foregoing quotations. Also *O'Neill v. Potvin*, 13 Idaho 721, 93 Pac. 20, 21; Words & Phrases, *Collateral Attack*, 753; *Continental Gin Co.* v. *DeBord*, 123 Pac. 159.

(6) This suit then being only a collateral attack upon the judgment of the chancery court, according to the doctrine announced by this court in many cases, some of them quite recent, the judgment herein assailed is valid and conclusive against the matters alleged in the complaint as grounds for annulling the same.

(7) In the recent case of *Pattison* v. *Smith*, 94 Ark. 588, we held (quoting syllabus): "Where the land of a nonresident was proceeded against for levee taxes, and was sold under a decree which recited that published notice was given as required by the statute, such recital is conclusive upon a collateral proceeding."

Again: "A judgment or decree can not be impeached for fraudulent acts or testimony, the truth of which was or might have been in issue in the proceedings which resulted in the judgment assailed, but must be impeached by proof of a fraud practiced in the procurement of the judgment itself."

In *Pattison* v. *Smith, supra,* it was alleged as one of the grounds for setting aside the decree of the chancery court that the same was obtained by fraud in that the decree was founded upon the nonpayment of levee taxes and that the same were not actually delinquent, but had been paid, and that this was procuring the judgment by fraud. Disposing of this allegation, the court said: "It was therefore, in effect, an impeachment of

the decree relative to a question of fact upon which the court had made a finding and not such an allegation of fraud practiced upon the court in the procurement of the decree for which the decree could be set aside." Citing *Pine Bluff* v. *Levi*, 90 Ark. 166, where the court said: "But the fraud which entitles a party to impeach a judgment must be a fraud extrinsic of the matter tried in the cause. It must not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment that is thus assailed. It must be a fraud practiced upon the court in the procurement of the judgment."

The language used in that case is germane to the issue raised by the allegation in the complaint under review to the effect that the judgment was procured by fraud committed by the plaintiff in the suit for condemnation in alleging that the owner of the lot was an unknown owner, when in fact he was known by the plaintiff in that suit to be the owner. The language above quoted disposes of this issue.

Appellant alleges and contends that the sale was invalid because there was no notice to the effect that "only so much of the property shall be sold as will pay the assessment, costs and penalty and no more." Kirby's Digest, section 5700. Also that the notice did not state the amount due against the lot, and that the sale was advertised to be held at the southeast door of the court house, when it in fact took effect in the circuit clerk's office; and also that the sale was invalid because there was a collusion among the bidders to suppress competition in bidding; also that the commissioner's deed was void because of a defect in the acknowledgment; also that the commissioner's deed was void because the commissioner had removed beyond the jurisdiction of the court and the deed was therefore not executed and acknowledged by the proper party.

(8) In *Bank of Pine Bluff* v. *Levi, supra,* in an adversary proceeding, speaking of the effect of a con-

firmation of a sale, we said: "Before the confirmation of the commissioner's sale, irregularities may be shown, that the sale was not made in accordance with the provisions of the decree; or any misconduct or unfairness shown, in order to set aside such sale. And upon all these matters the chancery court passes when it makes its decree of confirmation. And from such order or decree of confirmation an appeal lies. But after a confirmation of the sale has been made by order of the court all defects and irregularities in the conduct of the sale are cured; and every presumption will be indulged in favor of its fairness and regularity."

(9) The rule thus announced is certainly broad enough to cure all the irregularities of which appellant here complains. But inasmuch as this is not an adversary proceeding it might be urged that the confirmation could not cure the fraud practiced by the bidders in suppressing competition in bidding for the reason that the owner of the land being only constructively summoned and having no actual notice of the sale, could not know of the fraud that was being perpetrated, and that therefore this rule should not apply. But this argument is not sound, because the owners and those interested in the lands by constructive service received all the notice that the law contemplates; and the statute does not authorize the execution of the deed by the commissioner until a period of one year after the sale in which the owner is allowed to redeem. Kirby's Digest, sections 5703 and 5731. Under these provisions it is contemplated that each owner, by proper diligence, may ascertain that his lands have been sold before the time for confirmation of the deed, and that therefore he will have an opportunity to challenge the validity of the deed when the same is before the court for confirmation. Therefore, the fact that the owner may have had no actual knowledge or notice of the fraud in the sale at the time of the confirmation can make no difference in the principle. In contemplation of law he must ascertain if there are any defects before the deed is confirmed, and if he fails to

do so and to challenge the sale at that time he will not be heard to do so thereafter. But even if we were mistaken in this view, the chancellor found that appellee Norris was not a party to any agreement to suppress competition, and this finding is in accord with the evidence.

We find no element of estoppel in the fact that the appellee Norris did not offer to pay the taxes after the sale of the land until the last day when he was authorized under the law to pay such taxes. Appellee was under no obligation to pay these taxes, although the purchaser of the land, until the period of redemption had expired and until after the deed was executed and delivered to him. Certainly no fraud was perpetrated upon the owner by his failure to offer to pay the same when he was not required under the law to do so, and was under no legal duty or obligation to appellant to advise him of his purchase of the land.

The decree of the chancery court is therefore affirmed.

HART and SMITH, JJ., dissenting.