GIPSON *v*. No FENCE DISTRICT No. 2, LINCOLN COUNTY.

Opinion delivered December 10, 1928.

*N. W. Shelton,* for appellant.
*A. J. Johnson,* for appellee.

HUMPHREYS, J.   This suit was brought by appellants against appellees, in the chancery court of Lincoln County, to obtain a new trial in an action tried in the circuit court of said county between the same parties at the May term, 1927.   The judgment rendered at the May term of the circuit court appears to have been a consent judgment affirming a county court judgment creating and establishing No Fence District No. 2 in Lincoln County, Arkansas, and appointing E. P. Ladd, T. S. Lovett and A. J. Moore commissioners thereof.

The complaint alleged, in substance, that the consent judgment in the circuit court was obtained through fraud, without the knowledge of appellants, and that, immediately upon the discovery that such judgment had been rendered, they notified appellees that they would file a motion at the September, 1927, term of said court to vacate same; that, pursuant to the notice, they filed the motion on September 8, 1927, to which a demurrer was sustained on September 15, 1927; that on September 19, 1927, they filed a motion for a new trial, but the circuit court adjourned without disposing of same.

In addition, the record reflects that the September, 1927, term of the circuit court convened on September 12 and finally adjourned December 1, 1927.

The chancery court refused to hear proof offered by appellants responsive to the allegations of the complaint, and dismissed same, over their objection and exception. The allegation in the complaint relative to the adjournment of the circuit court without disposing of their motion for a new trial is as follows:

"That within three days after the rendition of said judgment at said September term of 1927, the appellants filed their motion for a new trial, and, without disposing of said motion, the court lapsed and dispersed. Appellants allege that the failure of the court to dispose of their motion for a new trial at the September term, 1927, was an accident over which they had no control, but that by reason thereof appellants were deprived of their constitutional right of appeal, and were without remedy in the premises, except by the intervention of a court of chancery."

We think the complaint was properly dismissed by the chancery court. According to the final adjourning order of the September, 1927, term of the circuit court of Lincoln County, the adjournment did not occur for over two months after appellants filed their motion for a new trial. Courts of equity will not interpose and grant new trials in courts of law under its inherent and ancient power for relief against fraud, accident or mistake, if the party asking relief was guilty of negligence. This is the substance of the rule announced and adhered to by this court, as may be seen by reference to the cases of *Leigh* v. *Armond*, 25 Ark. 123, and *Jackson* v. *Woodruff*, 57 Ark. 599, 22 S. W. 566. Appellants allege that the court adjourned through no fault of theirs, without ruling on their motion for a new trial, but they had ample time to procure a ruling thereon had they been diligent. Diligence on their part was not alleged.

The judgment is therefore affirmed.