AMERICAN LIBERTY MUTUAL INSURANCE COMPANY *v.*
WASHINGTON.

Opinion delivered March 23, 1931.

498

*Coulter & Coulter,* for appellant.

*Graham Moore,* for appellee.

HART, C. J., (after stating the facts). The general ground upon which the judgment upon the insurance policy in the justice court is sought to be enjoined and set aside is that it was obtained by fraud. It is the settled law of this State that the fraud which entitles a party to impeach a judgment must be a fraud extrinsic of the matter tried in the case. It must not consist of any false or fraudulent act or testimony, the truth of which was, or might have been, in issue before the court, which resulted in the judgment that is thus assailed. It must be a fraud practiced upon the court in the procurement of the judgment. *Bank of Pine Bluff* v. *Levi,* 90 Ark. 166, 118 S. W. 250; and *H. G. Pugh & Co.* v. *Ahrens,* 179 Ark. 829, 19 S. W. (2d) 1030.

The present case falls within this principle. The very issue of fact now proposed to be retried as the main thing that was controverted in the suit upon the fire insurance policy sued on in the justice court and was essential to the judgment.

It is next insisted that the justice court had no jurisdiction because twelve per cent. damages and $50 attorney's fee were awarded under the provisions of § 6155 of Crawford & Moses' Digest. We do not think this contention is sound. Under this statute an insurance company becomes liable for the twelve per cent. damages and attorney's fee when recovery is had upon the policy sued on for the amount sued for. The statute does not make the liability of the company depend upon its refusal to pay the loss, or its good faith in contesting the matter. The statute becomes a part of the contract of insurance and is cost to reimburse the plaintiff for expenses incurred in inforcing the contract. The allowance of the twelve per cent. damages is a matter of public policy declared by the Legislature, and its wisdom and expediency in the matter cannot be reviewed by the courts. *Arkansas Insurance Co.* v. *McManus,* 86 Ark. 115, 110 S. W. 1097; *Guardian Life Insurance Co.* v. *Dixon,* 152 Ark. 597, 210 S. W. 25; and *Security Insurance Co. of New Haven* v. *Smith, ante* p. 254.

The reason for the rule is that insurance companies are engaged in a business of such general and public concern as to permit the police power of the State to be invoked in aid of the rights and duties growing out of the relations of insured and insurer. *Germania Fire Insurance Co.* v. *Barber Tenton Bally,* 19 Ariz. 580, 173 Pac. 1052, 1 A. L. R. 488.

We find no reversible error in the record, and the judgment will be affirmed.