MARK *v.* SPRINGS INVESTMENT CO., ET AL.

5-690                                   279 S. W. 2d 843

Opinion delivered May 30, 1955.

[Rehearing denied June 27, 1955.]

*J. B. Milham,* for appellant.

*F. O. Butt* and *A. J. Russell,* for appellee.

GEORGE ROSE SMITH, J.   This is the second suit that has been brought by the appellant, Anson Mark, Jr., for the purpose of enforcing a mortgage executed by Springs Investment Company.   In this case the chancellor dismissed Mark's complaint upon the ground that the decision in the first case was res judicata of the issues now presented.

In connection with the purchase of certain hotel property Springs Investment Company executed two mortgages, one to the appellant Mark and the other to Cecil Maberry.   In Mark's first foreclosure suit a principal issue was that of priority as between the two mortgages.   The decision was in Maberry's favor, *Mark v. Maberry,* 222 Ark. 357, 260 S. W. 2d 455, and the decree ordered the foreclosure of Maberry's first lien.   Mark obtained judgment only for the accrued interest upon his second mortgage, since the debt was not due and there was no acceleration clause.

At the foreclosure sale, which was held on July 28, 1953, Maberry purchased the property for less than the amount of his judgment against the mortgagor. The sale was confirmed during the July, 1953, term of court. The exact date of confirmation is not shown, but it was necessarily before the term expired in January of 1954. Ark. Stats. 1947, § 22-406.

It was not until September 14, 1954, that Mark filed the present suit against Springs Investment Company, Cecil Maberry, and the purchasers to whom Maberry had sold the property. This proceeding is primarily an attack upon the validity of the 1953 foreclosure sale, it being alleged that proper notice of sale was not given, that the purchase price was inadequate, that Maberry was an officer of the defendant corporation and was therefore ineligible to bid at the sale, that the court's commissioner reported the sale of certain personal property which he had in fact neglected to sell, etc. All these asserted irregularities in the conduct of the sale could have been interposed as objections to the order of confirmation. The chancellor was therefore correct in holding that the confirmation order is res judicata of these matters. *Bank of Pine Bluff v. Levi,* 90 Ark. 166, 118 S. W. 250.

The plea of res judicata is also a defense to the appellant's present attempt to impose personal liability upon Cecil Maberry, since the issue of such liability was involved in the earlier case, *supra,* and is concluded by that decision. In one respect, however, Mark's complaint should not have been dismissed upon the plea of prior adjudication. He asserts in his present complaint that the first note in the series executed by Springs Investment Company became due, in the sum of $500, on July 1, 1954, and is unpaid. By amendment to the complaint Mark states that he is entitled to judgment upon this $500 note. The defendants' plea of res judicata does not reach this issue, since the principal of the debt had not yet matured when the first case was decided and was not involved in that litigation. It may be true that

Springs Investment Company no longer has any assets from which a judgment might be collected, but the plaintiff is nevertheless entitled to be heard upon his claim against the corporation. On this issue the decree is reversed and the cause remanded. Whether a receiver should be appointed for the corporation is a matter to be determined by the chancellor upon remand.