MARK *v.* MABERRY.

5-820                                          286 S. W. 2d 13

Opinion delivered January 23, 1956.

*J. B. Milham,* for appellant.

*Festus O. Butt,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is the third time we have been presented with the issue of ap-

pellee's personal liability to appellant in connection with the execution and foreclosure of separate mortgages given each by Springs Investment Company, a corporation. In the original suit, appellant, Anson Mark, Jr., sought to foreclose a second mortgage given him by the corporation. Appellee, Cecil E. Maberry, as first mortgagee, intervened in the suit and a decree was entered foreclosing his mortgage. The decree was adverse to appellant's numerous allegations as to the illegality of Springs Investment Company and the personal liability of appellee, and other incorporators, to appellant for the corporation's indebtedness to him under the second mortgage. The decree ordered a sale of the mortgaged premises in satisfaction of appellee's first mortgage and directed that any surplus be applied to payment of accrued interest found due on appellant's second mortgage, the principal of said debt being then unmatured. The decree in the original suit was affirmed June 5, 1953, in *Mark* v. *Maberry*, 222 Ark. 357, 260 S. W. 2d 455.

Appellee Maberry purchased the mortgaged property for less than the amount of his judgment at the foreclosure sale held July 28, 1953, pursuant to the decree in the first suit. On September 14, 1954, appellant filed the second suit against Springs Investment Company, appellee and the purchasers to whom appellee had sold the property. While this suit was primarily an attack on the validity of the 1953 foreclosure sale, it was again alleged that appellee was liable to appellant and the corporation on account of his alleged nonpayment for capital stock in the corporation, and that the purchasers from appellee should be required to apply future payments of the purchase price of the property in satisfaction of appellant's second mortgage indebtedness. The defendants' plea of res judicata was sustained by the trial court.

On appeal of the second decree, we upheld the action of the chancellor except as to appellant's right to be heard on his claim for judgment against the corporation on a note and prayer for receivership, saying: "The plea of res judicata is also a defense to the appellant's

present attempt to impose personal liability upon Cecil Maberry, since the issue of such liability was involved in the earlier case, supra, and is concluded by that decision. In one respect, however, Mark's complaint should not have been dismissed upon the plea of prior adjudication. He asserts in his present complaint that the first note in the series executed by Springs Investment Company became due, in the sum of $500, on July 1, 1954, and is unpaid. By amendment to the complaint Mark states that he is entitled to judgment upon this $500 note. The defendants' plea of res judicata does not reach this issue, since the principal of the debt had not yet matured when the first case was decided and was not involved in that litigation. It may be true that Springs Investment Company no longer has any assets from which a judgment might be collected, but the plaintiff is nevertheless entitled to be heard upon his claim against the corporation. On this issue the decree is reversed and the cause remanded. Whether a receiver should be appointed for the corporation is a matter to be determined by the chancellor upon remand." *Mark* v. *Springs Investment Company, et al.*, 225 Ark. 133, 279 S. W. 2d 843.

On remand, appellant filed an amended and substituted complaint in which he again attacked the validity of the foreclosure sale and asserted personal liability against appellee as in the former case, plus the additional allegation that appellee illegally acquired title to the mortgaged property in violation of Ark. Stats. Sec. 64-111 and thereby became liable to appellant for his claim against the corporation. In addition, appellant also asked for judgment against Springs Investment Company on a note for $1,000, which had matured since the second suit, and for $4,500 as the rental value of an apartment in the mortgaged premises allegedly occupied by appellee from May, 1948 to August, 1954. The prayer for receivership was also renewed. Appellee Maberry's separate plea of res judicata as to his personal liability was sustained by the trial court and Mark has again appealed.

Insofar as this record discloses, the questions of the liability of Springs Investment Company to appellant on

the $500 and $1,000 notes and the claim for apartment rental, as well as the matter of receivership, are all still pending in the trial court and the corporation is not a party to this appeal. The only issue here relates to appellee Maberry's personal liability to the appellant and it is clear from our opinion on the second appeal that this issue has been determined and redetermined. As to Maberry's personal liability, the only new matter alleged in the amended and substituted complaint here is his alleged liability under Ark. Stats. Sec. 64-111. This statute prohibits certain corporations from transferring their property to stockholders for the payment of any debt or upon any other consideration than the full cash value of the property. Obviously no such transfer is involved in this suit, and the validity of the foreclosure sale ordered by the court in the first suit has been fully and finally adjudicated insofar as appellee's personal liability to appellant is concerned. Since appellee's personal liability to appellant is the only issue before us on this appeal, it follows that the trial court correctly sustained his plea of res judicata. The decree is accordingly affirmed.