## STOUT *v.* BROWN.

## Opinion delivered May 1, 1897.

ATTACHMENT—RETURN.—Failure of a sheriff to specify in his return to a writ of attachment that he had seized the property levied upon by him is an amendable defect, and does not invalidate the levy. (Page 99.)

SAME—JUDGMENT.—A judgment in an attachment action sufficiently condemns the balance of the attached lumber remaining after the allowance of a claim of a third person to a portion thereof where the return of the sheriff on the writ shows the total amount attached, and the judgment shows the amount released and orders the remainder to be sold, and any description which omits any part of the residue is manifestly a clerical error and should be disregarded. (Page 100.)

SALE—VALIDITY.—A sale of attached property under a writ of *venditioni exponas*, after it has been reported to and confirmed by the court, can not be attacked collaterally upon the ground that such writ did not specify the property to be sold, or that the officer sold without authority, or that he sold without giving the notice required by law. (Page 100.)

Appeal from Benton Circuit Court,

EDWARD S. McDANIEL, Judge.

*E. P. Watson*, for appellant.

1. The lumber sued for herein was never attached, nor condemned to be sold.

2. Conceding that the sheriff attempted to seize it, he made a signal failure in the attempt. Sand. & H. Dig. § 336, subd. 2, 3. The return must show *facts*, not conclusions of law. Waples, Att. p. 262; 1 Am. & Eng. Enc. Law, p. 921; 3 B. Mon. 579; 43 Miss. 225; 42 *id.* 515. The facts must be stated, and the presumption is the officer has stated all the facts

attending the levy. Waples, Att. p. 263. The return could not be amended by parol testimony. Waples, Att. p. 264. The return fails to show that the lumber attached was the the property of Stout. 1 Am. & Eng. Enc. Law, p. 922; Waples, Att. p. 251, 252; Drake, Att. (6 Ed.), § 207.

3. A court, having jurisdiction of the persons and sub-ject-matter, does not therefore have jurisdiction in the ancillary proceeding attachment. The subject-matter of the former does not include the *res* of the latter. Waples, Att. p. 331; Drake, Att. (6 Ed.), sec. 85.

4. The sale was not according to law, and was never con-firmed. Sand. & H. Dig. § 363, subd. 2; § 4684, *ib.*; 52 Ark. 446.

*J. A. Rice*, for appellee.

1. There is ample proof that the lumber was attached, and condemned, and sold.

2. The jurisdiction is proved and admitted. The court will presume the proceedings were regular, and that everything necessary to be done was done. Waples, Proc. in Rem. § 85; Waples, Att. p. 393; 27 U. S. Rep. (Lawyer's Ed.) p. 913; 9 *id.* 447. No error can be urged here that does not go to the full extent of extinguishing the jurisdiction of the court rendering the judgment. 20 U. S. (L. Ed.) p. 161; 7 *id.* p. 381. All that is required of the officer is to show in his return the property attached, the time it was attached, and the disposition made of it. Sand. & H. Dig. § 346; Waples, Att. pp. 252 and 254; 6 Ala. 831; 43 Miss. 583. It is only in proceeding *in rem* strictly that particularity of description of the *res* is important. Where there is an appearance of parties, and a personal judgment, the manner of the levy and the description of the property attached is of no importance. 5 Ark. 12–424; 34 *id.* 12–399; Waples, Proc. in Rem. 741, 534.

BATTLE, J.   Prior to January, 1894, C. R. Stout was a manufacturer of oak lumber in Siloam Springs, in Benton county, in this state. On the 11th of the same month there were about 100,000 feet of this lumber on hand. At this time he was indebted to W. W. Brown in a large sum of money. To recover the amount due him, Brown brought an action

against Stout in the Benton circuit court, and sued out an order of attachment. On the next day, the 12th of January, 1894, the sheriff, to whom the order of attachment was directed, levied upon and attached the lumber in Siloam Springs. At the March term of the Benton circuit court, in 1894, Stout appeared and answered, and J. C. McArthur filed a complaint in which he claimed to be the owner of 84,000 feet of the lumber attached. The issues joined in the main suit, and the claim of McArthur to the lumber, were submitted to the court sitting as a jury; and the court found in favor of McArthur as to the lumber claimed by him, and sustained the attachment as to the remainder of the lumber and other property levied upon, and rendered a personal judgment in favor of Brown against Stout for $1,401.71 and costs, and ordered the remainder of the lumber and other property, as to which the attachment was sustained, sold to satisfy the judgment, and for that purpose directed an execution to be issued. On the 21st of April, 1894, the clerk of the Benton circuit court issued a *vend. ex.* directed to the sheriff of Benton county, commanding him to sell the lumber and other property which the court ordered to be sold. The lumber was described in the order of sale and the *vend. ex.* as "15,000 feet of oak lumber in the city of Siloam on the lumber yard known as the 'Brown Yard.'" On the 4th of June, 1894, the sheriff sold the property, as he was commanded to do. A part of the property sold was a pile of lumber on lot 2 in block 6 in Siloam Springs, and in the alley adjoining, variously estimated as containing 8,000 and 13,000 feet of lumber, which was purchased by Brown, and hauled away by him in June or July of the same year. In December following Stout instituted a suit against Brown before a justice of the peace to recover the value of this lumber, where a trial was had, and Stout recovered a judgment, and Brown appealed to the Benton circuit court. In the circuit court the cause was submitted to and tried by the court sitting as a jury, and the trial resulted in favor of Brown, and Stout appealed.

Appellant insists that the finding and judgment of the circuit court in the action instituted by him against Brown should be set aside, and for cause of reversal says:

"1. That the officer who had the writ of, attachment to execute in the case of W. W. Brown *v.* C. R. Stout   *   *   * did not levy the same upon the property now in controversy. .

"2. The said officer did not take actual possession of the same, nor did he give the defendant, Stout, a copy of said order of attachment, with a notice specifying what property he had attached, to the person holding the same.

"3. That the officer having said attachment did not specify in the return made by him on said writ of attachment that he had attached the lumber sued for in this suit.

"4. That the judgment of the circuit court in the case of W. W. Brown *v.* C. R. Stout did not condemn the lumber sued for in this case to be sold under said writ of attachment to sat-isfy the judgment in said cause.

"5. That the *vend. ex.*, issued by the clerk in the case of W. W. Brown *v.* C. R. Stout to carry into effect said judg-ment and order of sale did not specify the property sued for herein.

"6. That the officer sold said lumber without authority.

"7. That the officer sold said lumber without giving the notice required by statute governing sales."

As to the first assignment of error, the evidence shows that the lumber in controversy was attached. The return of the sheriff on the order of attachment issued in the first men-tioned action shows that 100,000 feet of lumber in Siloam Springs were levied upon, but does not describe it.

As to the second assignment of error, the evidence tended to prove that the sheriff, after he had attached lot 2, upon which the lumber was lying, and had undertaken to attach the lumber, took possession of the lot, and watched the lumber, and saw that no one interfered with it; and Stout testified in his own behalf that he had no control of the lumber after the attachment was issued. We think this evidence showed that the lumber was attached by the sheriff taking custody of it, and holding it subject to the order of the court.

As to the third assignment, the defect in the return on the order of attachment did not affect the attachment. It was a defect which could have been easily cured by amendment.

As to the fourth assignment, the return of the sheriff shows that about 100,000 feet were attached. The judgment of the circuit court shows that 84,000 feet of this lumber were released from the attachment upon the complaint of McArthur, and that the remainder, about 15,000 feet on the Brown yard, was ordered to be sold. The judgment, the return of the sheriff, and other evidence show that the 15,000 feet included all of the lumber attached in Siloam Springs, except the 84,000 feet. The judgment, without the aid of extrinsic evidence, shows that all of the 100,000, except the 84,000 feet, should be sold, and that any description which omitted any part of the residue was a clerical error.

The remainder of the assignments of error should have been presented in the action instituted by Brown against Stout by exceptions to the return of the sheriff on the *vend. ex.* The sale of the property attached was not complete until confirmed by the court. (Sand. & H. Dig., § 366.) If the sale was invalid, upon it so appearing to the court, it should have been set aside, and the property, or so much thereof as was necessary to pay the judgment, ordered to be re-sold. Consequently, appellant was not entitled to judgment for the value of the property.

Judgment affirmed.