RUDDELL *v*. RICHARDSON.

Opinion delivered October 20, 1919.

1.   FRAUD—JUDGMENT.—The conduct which will vitiate a judgment of a court must be fraud in the procurement of the judgment, and not merely in the original cause of action upon which it is based.

2.   JUDGMENT—FALSE TESTIMONY—WITHHELD TESTIMONY—EFFECT OF. —The giving of false testimony, or withholding testimony which might have been produced, is not sufficient to warrant a court in setting a judgment aside.

3. JUDGMENT—FRAUD—WHEN SET ASIDE.—In order to justify the cancellation of a judgment for fraud, there must have been some trick or artifice on the part of the successful litigant which deceived the court or the adverse party in the presentation of the matter, and which resulted in the judgment. It is not sufficient merely to show that the successful party presented testimony which turned out to be false, or withheld testimony which might have been pertinent to the issue and affected the result.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; reversed.

The appellant, *pro se.*

1. The failure of the court to sustain the demurrer, and further to declare from the evidence that no fraud was practiced on it by plaintiff, were errors for which the judgment should be reversed and the petition to vacate dismissed. Kirby's Digest, § 4433; 39 Ark. 107-110; 93 *Id.* 462.

2. The judgment of the court where it was free of fraud is conclusive of the merits of the cause. 90 Ark. 261-263; 68 *Id.* 492; 73 *Id.* 415; 75 *Id.* 415; 90 *Id.* 166; 93 *Id.* 462; 107 *Id.* 136. See also 81 Am. Dec. 654; 20 R. C. L. 292; 38 Am. Dec. 100.

This was merely an attempt to set aside a judgment at the next term and try it again on a different theory. 91 Ark. 362. There was no evidence of fraud in the procurement of the judgment. 1 Enc. of Ev. 452; 93 Ark. 462, 471. The demurrer should have been sustained to the motion to set aside the judgment because it did not show any cause why all the defenses alleged in the motion were not used at the former trial and does not show any fraud practiced on the court. 93 Ark. 462; 20 R. C. L. 292. No excuse is shown for not pleading all her defenses in the original action. Cases *supra.*

*Casey & Thompson,* for appellee.

1. A judgment obtained by fraud should be vacated even at the next term of court. Kirby's Digest, § 4431; 13 Pac. 593; 36 Kan. 374; 67 N. E. 39; 202 Ill. 257. The court properly set aside the former judgment; (1) there

was fraud and concealment practiced on the court; (2) this fraud was unknown to attorneys of appellee at the time, and (3) appellee had a good defense if the matters concealed by appellant had been known and the judgment was properly set aside. Cases *supra.* 96 Ark. 184; 100 *Id.* 510; 90 *Id.* 504; 15 *Id.* 553.

2. The findings of a court are as conclusive as the verdict of a jury. 54 Ark. 229; 55 *Id.* 331.

McCULLOCH, C. J. Ruddell recovered judgment against Mrs. Richardson in the circuit court of Independence County in January, 1919, for the sum of $718 in an action for breach of a contract of guaranty on the sale of a printing plant of the Batesville Record. The contract in suit recited that the Intertype machine, which constituted a part of the printing plant, was encumbered with a lien in the sum of about $1,900 (which sum Ruddell assumed to pay) and there was a guaranty on the part of Mrs. Richardson that the indebtedness against the machine did not exceed that amount, and that she would hold Ruddell harmless from any claims in excess of that amount.

Mrs. Richardson appeared in the action by her attorneys, and filed an answer denying the allegations of the complaint, and among other things alleging that she did not have any means of information at the time of the sale of the printing plant concerning the amount of indebtedness against it, but on the contrary Ruddell was entirely familiar with the amount of the debts against the plant. There was a trial of the issues, which resulted in the aforesaid judgment in favor of Ruddell. Mrs. Richardson, acting through the same attorneys who represented her in the former trial, instituted the present proceedings in the same court at the next term thereof to set aside the judgment on account of fraud alleged to have been committed by Ruddell in procuring the judgment. In the complaint the statements of the original answer of Mrs. Richardson were substantially reiterated, and in addition it was alleged that at the time she exe-

cuted the contract in suit she was "just recovering from a very serious operation" and that "at said time was absolutely irresponsible and incapable of transacting business or understanding the nature of said contract and plaintiff well knew same was true." There was a demurrer to the complaint, which the court overruled, and on a trial before the court an order was made vacating the former judgment, from which an appeal has been prosecuted to this court. Since the appeal was perfected, Mrs. Richardson died, and the cause has been revived in the name of the executor under her last will and testament.

It appears from the testimony that the printing plant was owned by a corporation, in which V. G. Richardson, the deceased husband of Mrs. Richardson, was the principal stockholder. In fact, V. G. Richardson owned all of the stock in the corporation except two shares, one of which was held by his wife, the appellee, and the other by Ruddell. After the death of V. G. Richardson, Roy Hudson was appointed administrator of the estate and made the sale of the printing plant to Ruddell. The guaranty contract between Mrs. Richardson and Ruddell was executed contemporaneously with the sale made by Hudson as administrator, and, as before stated, the contract contained a guaranty as to the amount of the encumbrance against the Intertype machine. The contract also recited the fact that V. G. Richardson was the owner of the shares of stock in the corporation, and that Mrs. Richardson owned one share and was the sole beneficiary under the last will and testament of V. G. Richardson. The contract also contained an assignment by Mrs. Richardson to Ruddell of the shares of stock in the corporation formerly held by her husband and the one share held by herself.

(1) We do not find any evidence in the record sufficient to justify the court in setting aside the former judgment on account of fraud on the part of appellant Ruddell in its procurement. The testimony in the trial below was addressed solely to the physical and mental condition of

Mrs. Richardson at the time she executed the contract of guaranty, and to the fact that the sum of money in consideration of the sale of the printing plant was paid by Ruddell to Hudson, the administrator, and not to Mrs. Richardson. These were matters which were necessarily issues in the former trial, and, in the absence of fraud in the procurement of the judgment, were concluded by that adjudication. We have often held that the conduct which will vitiate a judgment of court must be fraud "in the procurement of the judgment, and not merely in the original cause of action upon which it was based." *Scott* v. *Penn,* 68 Ark. 492; *Womack* v. *Womack,* 73 Ark. 281; *James* v. *Gibson,* 73 Ark. 440; *Boynton* v. *Ashabranner,* 75 Ark. 415; *Davis* v. *Rhea,* 90 Ark. 261.

In *Boynton* v. *Ashabranner, supra,* we said: "The court may have reached its conclusion upon false or incompetent testimony as to payment of taxes, yet that would not constitute grounds for reopening the question and trying it anew. In other words, it must be shown that some fraud or imposition was practiced by the petitioner or his attorney upon the court in procuring the decree, before it can be set aside."

(2-3) It is thus seen that the giving of false testimony in the case, or withholding testimony which might have been produced, is not sufficient to warrant a court in setting aside the former judgment. There must, in order to justify the cancellation, have been some trick or artifice on the part of the successful litigant which deceived the court or the adverse party in the presentation of the matter, and resulted in the judgment. It is not sufficient merely to show that the successful party presented testimony which turned out to be false, or withheld testimony which might have been pertinent to the issue and affected the result.

The judgment of the circuit court vacating the former judgment is therefore reversed, and the cause is remanded with directions to dismiss the complaint.