FORE *v.* CHENAULT.

Opinion delivered April 27, 1925.

1   JUDGMENT—COLLATERAL ATTACK.—A defendant aggrieved by a
    judgment rendered against him without summons and in his
    absence is not entitled to have it vacated where he knew of the
    pendency of the action and of the proceedings thereunder in time
    to make a defense, and did not appeal from the judgment or use
    any diligence in seeking to vacate it.

2.  JUDGMENT—COLLATERAL ATTACK.—An error in the form of a
    judgment may be corrected on appeal, but not on collateral
    attack.

Appeal from White Circuit Court; *E. D. Robertson,*
Judge; affirmed.

*John D. DeBois* and *John E. Miller,* for appellent.

*J. N. Rachels,* for appellee.

HUMPHREYS, J. Appellant herein and Harry Collins
were defendants in a replevin suit brought by appellees
herein on April 27, 1921, in the Circuit Court of White
County, to recover one Cole Eight automobile car No.
61816, which was in said appellant's possession, at Bald
Knob, in said county. It was alleged in the complaint
and affidavit for the order of delivery in the replevin
suit that appellees herein sold said automobile to Harry
Collins, and, for the balance of the purchase money,
amounting to $3,125, took his promissory notes, and to
secure same a mortgage upon said automobile, which was
recorded in Wilbarger County, Texas, where the sale
was made and car delivered; that said automobile was
removed to Bald Knob, Arkansas, by said appellant and
Harry Collins, through some arrangement between them,
without the knowledge or consent of appellees, in viola-
tion of the terms of the mortgage; that default was made
in the payment of the notes, and that said appellant was
in the unlawful possession thereof under a false claim of
ownership. On Monday, July 8, 1921, the following judg-
ment was rendered by default in said replevin suit.

"Now on this day this cause coming on to be heard,
and the plaintiffs appearing by their attorney, J. N.
Rachels, and the defendants having been called three

times before the bar of the court and failing to answer; and it appearing that the defendants have been served with process as required by law, and that the writ of replevin heretofore issued herein has been served and the property hereinafter described has been delivered to the plaintiffs; it is therefore considered, ordered and adjudged by the court that the plaintiff herein, Chenault & Wheat, are the owners of and are entitled to retain possession of the said 1920 model Cole Eight automobile, car No. 61816, and that they have judgment against the defendant, R. M. Fore and Harry Collins, for all their costs in and about this suit in their behalf expended, for which execution may issue.''

On July 27, 1922, this suit was brought by appellant against appellees in the same court to set aside and vacate the judgment in the replevin suit, upon the alleged ground that it was rendered without service upon said appellant and his codefendant, Harry Collins. It was also set forth in the complaint that said appellant had a meritorious defense to the replevin suit. The substance of the alleged meritorious defense was that appellees executed an outright bill of sale for the automobile to Harry Collins in Dallas, Texas, and placed said bill of sale on record in Dallas County, Texas, and then permitted Harry Collins to sell the car to appellant for cash, without informing appellant that they held or claimed a mortgage thereon.

The cause was submitted upon the pleadings and testimony, at the conclusion of which the court, over the objection and exception of appellant, instructed a verdict for appellee, and rendered a judgment dismissing appellant's complaint, from which is this appeal.

The evidence showed that appellant was out of the State at the time the summons and order of delivery in the replevin suit was issued and placed in the hands of the sheriff, and that the delivery of the order and summons by the sheriff of White County to appellant, and the statutory period allowed appellant in which to make

bond to retain the automobile, was waived in writing by Cul L. Pearce, who, at the time, was under the impression that he represented appellant, growing out of a conversation over the telephone with appellant's wife. Pursuant to this waiver the sheriff made the following return upon the order and summons, to-wit: "I have served the within order of delivery and summons by delivering·a copy thereof to Cul L. Pearce, attorney, of Bald Knob, who represents to me that he is counsellor and attorney for defendant, R. M. Fore. This April 27, 1921. Ben Allen, sheriff."

Appellant testified that Pearce had no authority to represent him or waive service for him in the replevin suit, but admitted that he knew of the pendency of the suit and of the seizure of the automobile under the order in time to have made a defense before the judgment was rendered in said suit.

It will be observed that this suit is a collateral attack upon the judgment rendered in the replevin suit. This court is committed to the rule that "one who is aggrieved by a judgment rendered in his absence must show not only that he was not summoned, but also that he did not know of the proceedings in time to make a defense," in order to obtain relief. *State* v. *Hill,* 50 Ark. 458; *Moon* v. *Price,* 101 Ark. 142; *Quigley* v. *Hamilton,* 104 Ark. 449; *First National Bank* v. *Dalsheimer,* 157 Ark. 464. In the instant case it affirmatively appears that appellant knew of the pendency of the replevin suit and of the proceedings thereunder in time to have made a defense before the judgment was rendered. He did not appeal from the judgment, and used no diligence in seeking to vacate the judgment. Appellant also contends that the judgment in the replevin suit is also void and should be vacated because it did not follow the form prescribed in § 8654a of Crawford & Moses' Digest, which is as follows:

"In any action in a justice court or circuit court of this State, where it is attempted to foreclose any mort-

gage, deed of trust, or to replevy, under such mortgage, deed of trust or other instrument, any personal property, the defendant or defendants in said action shall have the right to prove or show any payment or payments or set-off under such said mortgage, deed of trust or other instrument, and judgment shall be rendered for property or the balance due thereon, and the defendant may pay the judgment for the balance due and costs within ten days, and satisfy the judgment and retain the property.''

The judgment did not specify the amount due upon the mortgage nor adjudge the possession of the automobile to appellees in case the amount due should not be paid in ten days. On the contrary, immediate possession of the automobile was adjudged to appellees, regardless of what amount was due or when it should be paid. Appellant cited the case of *Shoffstall* v. *Downey*, 87 Ark. 5, in support of his contention that the judgment is void. The case does not go to the extent claimed for it by appellant. In that case an appeal was prosecuted to this court to correct errors committed in the trial of the cause. This court held that the trial court erred in the form of the judgment, and reversed same in order for a judgment to be rendered in accordance with the provisions of § 8654a of Crawford & Moses' Digest. The rendition of the judgment in the wrong form was treated by the court as an error which could be corrected on appeal, but not on collateral attack.

No error appearing, the judgment is affirmed.