AMERICAN INVESTMENT COMPANY *v.* KEENEHAN.

Opinion delivered February 7, 1927.

1. JUDGMENT—PREMATURE RENDITION.—A default decree will not be set aside at a subsequent term on the ground that it was prematurely rendered.

2. JUDGMENT—MOTION TO VACATE.—A motion to vacate a default decree rendered at a former term was insufficient as not setting up any grounds stated in Crawford & Moses' Dig., § 6290, and because it did not comply with §§ 1316 and 6292, *Id.*

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Hillhouse & Caldwell* and *Evans & Evans,* for appellant.

WOOD, J.   On August 28, 1925, the American Investment Company, an Oklahoma corporation, instituted this action in the White Chancery Court against John Keene-

han to recover judgment on a certain note and to foreclose a mortgage executed to secure the same on certain real estate situated in White County, Arkansas. A. A. Prewitt and his wife were also made defendants. The plaintiff prayed judgment for the amount due on the note and for the foreclosure of the mortgage. The parties named as defendants in the complaint were duly served with summons. The cause was heard on October 19, 1925, and, the defendants failing to appear, a decree by default was rendered against them for the amount of the note and the foreclosure of the mortgage. On December 14, 1925, Avery M. Blount, as solicitor for the defendant, John Keenehan, filed the following motion to set aside the decree:

"Comes the defendant, John Keenehan, and for his motion herein states: That this suit was filed on the 28th day of August, 1925, and that said suit was for the purpose of foreclosing a mortgage which the plaintiff alleges to be due, but such allegation is denied by the defendant. Defendant states further that, soon after the suit was filed, he employed Avery M. Blount as his attorney for the purpose of filing an answer and defending said suit. That his attorney communicated with the plaintiff, American Investment Company, and advised them of defendant's defense, and that the next term of the court was an adjourned term, which was held on the 19th day of October, 1925, and defendant's attorney learned that the plaintiff did not expect to be present, or be represented by counsel at this term of court, and, as no depositions or proof of any kind had been taken by the plaintiff, nor any evidence of the mortgages and notes had been filed with the court, the defendant, for that reason, did not expect the cause to be submitted, and therefore did not file an answer, believing that the plaintiff would recognize the validity of his defense and would make a settlement with him without a trial.

"Defendant further states that, when the court convened on October 19, 1925, the court called the docket of all cases pending, and the defendant's counsel was called

out of the court room by another client, and in his absence this cause was called by the court, not for the purpose of trial but for the purpose of sounding the docket and ascertaining the cases that would be ready for trial, and, when this case was called, J. N. Rachels, an attorney of the White County bar, erroneously announced that he was representing the defendant, and requested that a decree be entered against the defendant, which the court did.

"Defendant further states that the said J. N. Rachels acted without authority, and that he had not employed him nor given him authority to represent him, and that the action of the court in granting the decree was premature, as no evidence of any kind or character was offered by the court, and the court could not make a finding of facts and find that the defendant was due the plaintiff any amount.

"Defendant further states that he has a valid defense, that the mortgage or interest on same is not due, but that, on the other hand, the plaintiff has collected from him the sum of $600 from rents upon his farm and for timber that the plaintiff has sold from his farm.

"Wherefore defendant prays that the decree entered herein be set aside and forever held for naught, and that the defendant be given permission to file an answer and present to this court his defense, and for all other relief that the court may deem just and equitable."

On the same day the motion was filed the motion was heard as if on demurrer thereto, and the court entered a decree setting aside the decree that had been entered on October 19, 1925, an adjourned day of the' regular June term of the court for 1925, and entered an order giving the defendants permission to file an answer, and continue the cause until the next adjourned day of court, March 8, 1926.

The allegations of the motion to set aside the decree rendered on the adjourned day of the regular June term, 1925, of the White Chancery Court, treating the same as true, only show, at most, that the decree which the motion

seeks to set aside was prematurely rendered. But the court was without authority to set such decree aside at a subsequent term of the court on the ground that the same was prematurely rendered. Section 6290 of Crawford & Moses' Digest prescribes the grounds upon which a decree may be vacated after the expiration of the term at which it was rendered. The allegations of the motion to vacate do not set up any of these grounds, nor was the motion sufficient in form, nor did the appellee comply with the procedure prescribed by § § 1316 and 6292, C. & M. Digest.

It follows that the court erred in granting appellee's motion to vacate the decree rendered in favor of the appellant against the appellee and others at the regular June term, 1925, of the White Chancery Court. The decree from which this appeal comes is therefore reversed, and the cause will be remanded with directions to dismiss appellee's motion to vacate and set aside the decree rendered in favor of the appellant against the appellee and others, at the regular June term, 1925, of the White Chancery Court, and on the 19th of October, 1925, the same being an adjourned day of the regular term. The trial court is hereby directed to enter an order vacating its decree rendered on December 14, 1925, and to reinstate the decree rendered by it in the cause of the appellant against the appellee and others on October 19, 1925, and for such other and further proceedings as may be necessary according to law and not inconsistent with this opinion.