FARMERS' MUTUAL FIRE INSURANCE COMPANY *v.* DEFRIES.

Opinion delivered November 28, 1927.

1. JUDGMENT—RELIEF ON ACCOUNT OF FRAUD.—Under Crawford & Moses' Dig., § 6290, authorizing judgments to be set aside for fraud practiced by the successful party, a judgment by default will not be set aside because the defendants failed to appear for trial by reason of having been informed by the clerk that the case had not been set and that he would notify them when the case would be called, which he subsequently failed to do.

2. JUDGMENT—UNAVOIDABLE CASUALTY OR MISFORTUNE.—Under Crawford & Moses' Dig., § 6290, subds. 4 and 7, a judgment by default

will not be set aside "for unavoidable casualty or misfortune," where the defendants were prevented from attending the trial by reason of the clerk's failure to keep his promise to inform them when their case would be called for trial.

3. JUDGMENT—PETITION TO SET ASIDE JUDGMENT—DILIGENCE.—It is the duty of a litigant to keep himself informed of the progress of his case, and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune preventing him from defending, must show that he himself is not guilty of negligence, and he cannot have relief if the taking of the judgment appears to have been due to his own carelessness.

Appeal from Independence Circuit Court; *Dene H. Coleman*, Judge; affirmed.

*D. D. Glover* and *D. M. Halbert*, for appellant.

*W. K. Ruddell*, for appellee.

WOOD, J. On the 23rd day of March, 1926, J. K. Defries instituted an action in the Independence Circuit Court against the Farmers' Mutual Fire Insurance Company of Malvern, Arkansas, and J. E. Stanley, W. L. Knight, W. K. Smith, T. J. Fowler, J. W. Lee, W. A. Callis, E. O. Kilpatrick, J. C. Minen, W. W. Bray, and R. J. Hodges, bondsmen for said company. The plaintiff set up the policy, alleged that he had complied with its terms, and that the defendant company refused to pay the loss, to his damage in the sum of $1,000. He also set up a bond executed by the defendants in the sum of $20,000, and alleged that the condition of the bond was that the defendant company would make prompt assessments and promptly pay the same over to any person having a claim by virtue of the policy, and that this bond was in full force and effect at the time of the destruction of the plaintiff's property by fire. He alleged also that the defendants had refused to make any assessments or to pay the same over, all to his damage in the sum of $1,000, for which he prayed judgment, together with 12 per cent. penalty and a reasonable attorney's fee and costs.

The defendants answered. The company admitted that it was a mutual fire insurance company, and issued the policy sued on. It denied the other allegations of the

complaint. The defendants, bondsmen, answered, and alleged that the only condition of their bond was that the insurance company, in case of loss or damage under the policy, would make an assessment and pay over any moneys collected on said assessment. They alleged that the assessment was made, and that the members failed and refused to pay such assessment, and therefore no money had been received by the company to be paid over to the plaintiff. They denied that the plaintiff was entitled to any judgment whatever against them.

On the 19th day of April, 1926, the same being the thirteenth day of the spring term of the Independence Circuit Court, the following judgment was entered:

"On this day this cause came on to be heard on the regular call of the docket, and appeared the plaintiff in person and by attorney, but the defendants appeared not, and the court, after hearing all the evidence and the exhibits made and produced by the plaintiff, doth find from the evidence that the defendant, Farmers' Mutual Fire Insurance Company, failed and refused to make an assessment under said policy and for the loss of the plaintiff, and that they failed and refused to pay any assessment over to the plaintiff; and the court doth further find from the evidence that the loss of the plaintiff by fire was to the same and identical property insured more than $2,000; and the court doth further find from the evidence that the plaintiff paid all assessments as they became due, and that said plaintiff has complied with all the conditions of said policy made and provided; and the court doth further find that this suit was not commenced until more than ninety days after the proof of loss was received by the defendant company; and the court doth further find that the defendants, nor either of them, ever made any objections or exceptions to said proof of loss; the court doth further find that the plaintiff should recover the sum of $1,000, the amount of damage sustained by plaintiff under said policy by reason of said loss, and 12 per cent. of said sum as damages, and $150 attorney's fees, as provided by § 6155 of Crawford & Moses' Digest.

"The court further finds from the evidence that the defendants, Farmers' Mutual Fire Insurance Company of Malvern, Arkansas, made and executed a bond with the following persons as sureties thereon, to-wit: J. E. Stanley, W. L. Knight, W. K. Smith, T. J. Fowler, J. W. Lee, W. A. Callis, E. O. Kilpatrick, J. C. Minen, W. W. Bray, and R. J. Hodges; and the court doth further find from the evidence that the sureties and each of them have been duly served with process more than 20 days, having been duly served on the 26th day of March, 1926, and the court doth further find from the evidence that there has been a breach in the condition of said bond, and that the sureties on said bond are liable to the plaintiff for the amount of his loss and all damages.

"Wherefore it is by the court considered, ordered and adjudged that the plaintiff, J. K. Defries, do have and recover of and from the defendants, Farmers' Mutual Fire Insurance Company of Malvern, Arkansas, J. E. Stanley, W. L. Knight, W. K. Smith, T. J. Fowler, J. W. Lee, W. A. Callis, E. O. Kilpatrick, J. C. Minen, W. W. Bray, and R. J. Hodges, the sum of $1,000, the amount of the loss under said policy, 12 per cent. of said $1,000 as damages, and an attorney fee of $150, together with all the costs of this suit."

The spring term of the Independence County Circuit Court continued in session thereafter until May 5, 1926, when the same was adjourned until court in course. On the 28th day of April, 1926, this action was instituted by the insurance company and its bondsmen above named against the defendant Defries to vacate the above judgment. The plaintiffs in their complaint set up the proceedings on the policy by the defendants against the plaintiffs, resulting in the judgment. They alleged that the plaintiff insurance company was a mutual fire insurance company, based on the assessment plan; that the policy provides as follows: "Only one assessment can be made on a member for one loss, and the company shall never be liable to any member on a loss for a greater amount than the members in good standing and responding

shall pay into the treasury when the assessment of said loss shall be made, which said member agrees to accept for said loss as provided in the by-laws.'' They alleged that the policy provides that it shall be governed by the constitution and by-laws adopted by the company, and further, that, in case of loss, an assessment will be made against each member in the group, and whatever amount is collected from the membership in the group, after the assessment of said loss is made, shall be paid by the company to the holder of the policy. They alleged that the plaintiff in the original action, the defendant herein, agreed to accept whatever amount was collected from such assessment in full satisfaction of his policy, and the company was not to be liable for any further sum. They alleged that they signed the bond of the company to this effect only, that the moneys collected by said company under an assessment would be paid over to the person entitled to receive the same. They set up their answer to the original complaint, in which they denied that they had failed or refused to make an assessment, and denied that they had refused to pay over any moneys collected on such assessment and that any moneys were collected on such assessment. They set up that the plaintiff had exercised diligence to find out from the clerk of the circuit court the time the cause would be set for trial, and set forth the correspondence between the secretary of the company and the circuit clerk of Independence County concerning the setting of the cause for trial. They set up that, on March 30, the secretary of the insurance company at Malvern, Arkansas, wrote a letter to Oscar T. Jones, the clerk of the circuit court at Batesville, Arkansas. This letter is set forth in the complaint. It called attention to the number and style of the case, and asked the clerk to give information as to his manner of setting the docket, whether the clerk set the cases or whether they were set by the attorneys, and when the case would be set for trial. The secretary states in this letter that the answer would be due the 15th day of April, and that he would be summoned on the Federal grand jury, which

would hold him until about the 24th of April, and asked whether the case would be called before that time. On the following day the secretary of the company received a letter from the clerk of the circuit court as follows: "Your case not set. Service had not matured at the time of the setting of the docket last Saturday." On April 5, 1926, the secretary again wrote the clerk, asking him to send copy of the complaint so that the defendants could file an answer, and requesting the clerk to watch the case and call the secretary when the same was set down, and to state the cost of filing the answer. The complaint states that a day or two after the letter of April 5, 1926, the secretary received a letter from the clerk containing copy of the original complaint, and stating that the filing of the answer would be ten cents, order twenty cents, and index ten cents. The plaintiff alleged that, after receiving this letter, the secretary wrote to the clerk, inclosing the answer to the original complaint, and sent the amount of costs for filing same. The plaintiff alleged that it relied on the request made of the clerk to notify it at its expense when the case was set for trial, if the court and clerk determined to set the cause for trial at that term of the court. They alleged that, on the 21st of April, 1926, the secretary of the company called the clerk over the 'phone to ascertain whether the case would be set for trial; that the person to whom he talked stated that he was the deputy clerk, and that he would get the information and call the secretary over the telephone, which he failed to do. They alleged that plaintiffs were not informed of the day when the cause was set for hearing, nor of the day when judgment was entered against them, and if the clerk had informed the plaintiffs they would have had time to file their motion to set aside the judgment before the adjournment of the term of the court when same was rendered. They alleged that they received no notice of the setting of the cause or of the judgment until April 26, 1926, when the secretary again called the clerk to know when the cause would be set, if at all, during the spring term. They alleged that the judgment

obtained against them in the above manner was without
notice and void, and a fraud upon their rights; that the
plaintiff in the original suit was not entitled to any
judgment at all, as shown by their answer filed in the
original suit; that, in any event, the defendant in this
action, plaintiff in original action, was not entitled to
recover attorney's fee and penalty, since the insurance
company was doing business on the assessment plan.
The prayer of the complaint was that the judgment be
set aside and that the cause be set for trial on its merits.

The pleadings in the original cause were made exhibits, and likewise the correspondence between Bray and
the circuit clerk, and affidavits of W. W. Bray, secretary of the insurance company, and D. D. Glover, attorney of the plaintiffs, to sustain the allegations of the
complaint that neither the plaintiffs nor their attorney
had received any notice of the setting of the cause for
trial at the April term of the court.

The defendants demurred to the complaint on the
ground that the plaintiffs were not diligent in the prosecution of their suit, and that the facts stated were not
sufficient to entitle the plaintiffs to vacate the judgment.
The cause was heard upon the complaint, exhibits, and
demurrer of the defendants, the judgment in the former
case, and the court record showing that the court did
not adjourn until May 5, 1926, and the admission of the
attorney for the defendant that the letters and telephone
calls as testified to by the secretary of the insurance company in his affidavit and his statements in the complaint
were true and correct. The court thereupon found that
the demurrer of the defendant should be overruled, but
the court found that the original judgment entered in
the cause should not be set aside, and entered its judgment to that effect, from which judgment the plaintiffs
duly prosecute this appeal.

Section 1275 of C. & M. Digest provides: "The law
docket shall be made out for each term of the court, and
the actions shall be set for particular days, and so
arranged by the clerk that the cases set for each day shall

be tried as nearly as may be on that day." The correspondence between Bray, the secretary of the insurance company, and the clerk of the circuit court of Independence County shows that, as early as March 30, 1926, and after the defendants in the original action had received notice of the filing of the action against them by J. K. Defries, the defendants, through Bray, requested the clerk to send them a copy of the complaint, and also to advise about the date that the case would be set down for trial. In answer to this request the appellants were notified, on March 31, 1926, by the circuit clerk that the case had not been set, as "service had not matured at that time." Again, on April 5, the defendants in the original action, appellants here, through Bray, requested the clerk "to watch the case and to call them when the case was set down," requesting him to give amount of cost of filing answer, and stating that he would remit for same. A few days thereafter, before the convening of the circuit court, the clerk notified Bray of the costs, and the defendants remitted the amount of such costs, and inclosed their answer. The record shows that the answer of the defendants was filed by the clerk and the costs thereof paid by the defendants on April 15, 1926, after the spring term of the court convened. On April 21, 1926, two days after the judgment had been rendered, the defendants, through Bray, called the clerk to find out whether the case would be set for trial, and the person to whom he talked over the 'phone stated that he was a deputy clerk, and that he would get the information and call Bray over the 'phone, which he failed to do, and failed to inform the defendants in that cause that the judgment had already been entered. It is alleged that, if he had done so when requested, the defendants in that cause, plaintiffs here, would have had time to file motion to set aside the judgment for want of notice before the adjournment of the court for that term. They received no notice thereafter that judgment had been rendered until April 26, 1926, when Bray again called the circuit clerk over the 'phone to know when the case would be

called, if at all, during that term of the court. The court orders show that the court adjourned from April 24 to May 1, 1926, and from May 1 to May 5, 1926, and on May 5, 1926, until court in course.

The appellants alleged that, under the above facts, the judgment entered against them was without notice, and a fraud on their rights. Among the grounds specified in the statute for vacating the judgment after expiration of the term at which the same is rendered are the following: "For fraud practiced by the successful party in the obtaining of a judgment or order," and "for unavoidable casualty or misfortune preventing the party from appearing or defending." Section 6290, C. & M. Digest, subdivisions 4 and 7. Under the facts above set forth the judgment cannot be set aside on the ground of fraud. No fraud whatever was practiced by the successful party in obtaining the judgment. It does not appear that either the appellee or his attorney knew of the correspondence that the appellants had with the clerk concerning the setting of the case. The record does not show that the appellee or his attorney did anything more than appear in court when the case was called for hearing. The appellants had received due notice of the pendency of the action and had filed an answer in the cause. So far as the appellee and his counsel are concerned, the record shows that the judgment was obtained by them during the regular course of the court proceedings.

Neither does the record show any unavoidable casualty or misfortune that prevented the appellants from appearing and defending the action. The appellants were not justified in relying upon any representation or promise of the clerk, when the court was not in session, that he would notify them of the day when the case would be called for hearing. The court not being in session, the clerk, in making these representations to the appellants, was not speaking for the court or for the appellee. The appellants must be held to have made the clerk their own agent and representative to ascertain and give them the information concerning the setting and calling of

the case for hearing, and they relied upon such information at their peril. It was certainly neither the fault of the appellee nor the court, at the hearing of the cause, that information concerning the correspondence between the appellants and the clerk of the court was not brought to the attention of the trial court. The failure of appellants to appear and defend the action manifestly was not an unavoidable casualty. If the appellants had not taken for granted that the clerk would notify them in advance of the day when the cause would be called and heard, they could and would, so far as the record shows to the contrary, have appeared when the case was called for trial and made their defense. The cause was not set for hearing when the clerk set the law docket for the spring term of the court, for the reason, as stated by the clerk, that service had not been had at that time. Thereafter court convened before appellants' answer in the original cause was filed, and after same was filed and the cause was ready for hearing the court proceeded to call the case on the docket and to a hearing thereof at the court's convenience. We cannot see that there was any unavoidable casualty in such proceeding which prevented the appellants from appearing at the hearing.

It is alleged in the complaint "that the appellants called the clerk on the 21st of April, 1926, to find out when the cause would be set for trial, if at all, during that term, and the party answering over the 'phone stated that he was deputy clerk, and that he would get the information and advise the plaintiffs, but he failed to do so, and that, if he had done so, appellants would have had time to file their motion to set aside the judgment for want of notice before the adjournment of the court and within the time prescribed by statute." The above allegation is the nearest approach to an unavoidable casualty disclosed by the record. But this allegation falls short of proving an unavoidable casualty. The telephone call, according to the allegation, was on April 21, 1926. From the recitals of the court records it appears that the court

adjourned until court in course on May 5, 1926. When appellants failed to receive the information sought from the clerk on April 21, 1926, proper diligence on their part required that they make further inquiry; and, if necessary, appear in the Independence Circuit Court before its adjournment and move the court for a new trial and to vacate the judgment in that cause, for the reasons which they now assert were grounds for vacating the same, and to press such motion at that term of the court. This they did not do. For aught that appears to the contrary, they could have done this by the exercise of proper diligence. They did file the complaint herein, and have summons issued thereon as an original action against the defendant, appellee, on April 28, 1926. But service was not had upon the defendant herein until May 13, 1926, which was eight days after the court had adjourned for the term. While the court was not in session on the day this complaint was filed, it was thereafter in regular session May the first. Instead of inviting the attention of the court to this pleading and asking that it be treated as a motion for new trial, or to vacate the judgment in the same cause, they elected to pursue the defendant, appellee, as in an independent action, and, by so doing, let the term lapse, and thus killed their only chance to have the judgment set aside at the term when it was rendered. Therefore appellants do not show any unavoidable casualty, but they do show a lack of diligence.

In *Trumbull* v. *Harris,* 114 Ark. 493, 170 S. W. 222, we held, quoting syllabus: "It is the duty of a litigant to keep himself informed of the progress of his case, and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune, preventing him from defending, must show that he himself is not guilty of negligence, and he cannot have relief if the taking of the judgment appears to have been due to his own carelessness." See also *Jackson* v. *Woodruff,* 57 Ark. 599-604, 22 S. W. 566; *Weller* v. *Studebaker Mfg. Co.,* 93 Ark. 462, 125 S. W. 129; *Kohn* v. *Smith,* 122 Ark. 74-77, 182 S. W. 533.

The judgment is therefore correct, and it is affirmed.