LAMBIE *v.* W. T. RAWLEIGH COMPANY.

Opinion delivered February 4, 1929.

*Jeff Bratton,* for appellant.

*Horace Sloan,* for appellee.

HART, C. J., (after stating the facts). It is first contended by counsel for appellants that the decree should be reversed because the special chancellor who rendered the decree in the foreclosure proceeding was not elected in accordance with the provisions of our Constitution relating to the election of special judges when the regular judge is absent or disqualified. On this point a *nunc pro tunc* decree was entered of record which recited that on the 10th day of March, 1927, the regular chancellor failed to appear at the courthouse, at the time and place prescribed by law and by former adjourning order of the court, for the holding of an adjourned day of said court on March 10, 1927. It further recites that the practicing attorneys met at the courthouse on said day and held an election for special chancellor to preside at such adjourned day, and Gordon Frierson, who possessed the requisite qualifications required by law, received a majority of votes, and was duly declared elected Among other cases tried was the foreclosure proceeding in which a decree of foreclosure was rendered. It was not necessary that the record should affirmatively show that the regular chancellor was absent, sick or disqualified, and that for one of these reasons a special judge was elected.

In *Fernwood Mining Co.* v. *Pluna,* 136 Ark. 107, 205 S. W. 822, it was held that, where the record of the circuit court shows that the regular judge was absent on the first and second days of the term, and that a special judge was elected in accordance with the requirements of the Constitution, such record is impervious to attack on appeal,

unless the facts which would defeat the election are re-cited in the record itself.

The special chancellor in the present case was elected under the same section of article 7 of the State Constitution, and that case controls here. The *nunc pro tunc* order shows that Gordon Frierson was duly elected special chancellor in accordance with the provisions of the Constitution, and that he entered upon the discharge of his duty as such special chancellor. Therefore it was not necessary that the record show that the regular chancellor was sick or unable to hold the court, or was disqualified to act in the case at bar.

Moreover, as we shall see, this is a collateral attack on the decree, and in such cases it is not necessary that the existence of the causes should appear on the face of the record. If the record is silent on the subject, and such an appointment of a special chancellor could have been made legally under any circumstances, the authority to make the appointment or election, and that the grounds therefor existed, will be presumed. This rule was recognized and approved in the case last cited.

Upon the merits of the case, it may be stated at the outset that there is a marked difference between the effect given a judgment or decree when it is attacked collaterally and when it is directly attacked, as upon appeal or by a complaint filed to set it aside for fraud or unavoidable casualty. If the judgment or decree is void upon the face of the record itself, it may be attacked collaterally; but if its invalidity is not apparent on the face of the record, it cannot be attacked collaterally. In the foreclosure suit the court had jurisdiction of the subject-matter and of the parties when the decree was rendered. Therefore it had jurisdiction; and no mere irregularity in the subsequent proceedings will avail to invalidate the decree and the sale thereafter, except upon appeal, or a motion to set aside the decree during the term it was rendered; or in a direct proceeding to set aside the decree for fraud or unavoidable casualty. An attack upon a judgment upon the ground that it was procured by fraud is

a direct attack, since the establishment of the fraud shows that no judgment or decree has been rendered. Fraud, however, from which such relief may be given, does not include a judgment or decree regularly obtained upon a fraudulent claim or by false testimony, but it is limited to fraud in procuring the judgment. *Cassaday* v. *Norris*, 118 Ark. 449, 177 S. W. 10; *Ruddell* v. *Richardson*, 140 Ark. 198, 215 S. W. 711; *Road Imp. Dist. No. 4* v. *Ball*, 170 Ark. 522, 281 S. W. 5; *Dunn* v. *Bradley*, 175 Ark. 182, 299 S. W. 370; and *Winfrey* v. *People's Savings Bank*, 176 Ark. 941, 5 S. W. (2d) 360.

Within the rule just announced there is no testimony in the record whatever tending to show that the decree was obtained by fraud. Mrs. G. W. Lambie admitted on cross-examination that she was served with summons in the cause, and it was her duty to keep up with the subsequent proceedings in the cause thereafter. G. E. Lambie was also served with summons, and admitted that he knew of the pendency of the suit in the chancery court.

Neither does the record show any unavoidable casualty or misfortune that prevented the defendants from appearing and defending the action. As we have just seen, both parties were served with summons, and must thereafter take notice of the pendency of the suit. No misrepresentations were made by the attorneys for the plaintiffs in foreclosure proceedings. G. E. Lambie does state that it was understood between him and the attorneys for the plaintiff in the suit that no decree was to be taken until the 15th day of May, 1927. He did not attend court on that day, however, or give any excuse for not doing so. He does state that his boy was killed in a storm in the month of May, but he does not state that the death occurred on or about the day he thought the case was to be called for trial. He does not present any legal excuse for not attending court on the day he understood the decree was to be taken if no defense was made to the action. Neither of the appellants make any show of merit or give any reason whatever why judgment should

not have been rendered against them for the amount sued for in the foreclosure proceeding. A party seeking relief against a judgment or decree on the ground of unavoidable casualty or misfortune must show that he himself is not guilty of negligence. *Farmers' Mutual Fire Ins. Co.* v. *Defries,* 175 Ark. 548, 1 S. W. (2d) 19.

The commissioner appointed to sell the land gave notice of the time and place and terms of the sale, as required by statute and by the terms of the decree on the 25th day of August, 1927, that the sale would be had on the 17th day of September, 1927. The sale was had on that day, and the plaintiff in the case became the purchaser for $200. No exceptions were filed to the sale, and it was duly confirmed by the court on October 7, 1927. The land was bid in for the sum of $200, and was worth at least $1,500. During all this time the defendant, G. E. Lambie, who was looking after the matter for himself and for his mother, had a sick wife and other sickness in his family. One of his boys had been killed by a storm in the spring, and, if a direct attack had been made on the sale, the confirmation of the sale would have been set aside, under the rule announced in *Chapin* v. *Quisenberry,* 138 Ark. 68, 210 S. W. 341, and other subsequent decisions of this court. In that case it was held that the chancery court properly refused to confirm a judicial sale where the property brought a grossly inadequate price and the sale was attended with circumstances working out a harsh result against the owner's interest, although the purchaser himself was guilty of no fraud or misconduct.

In the present case, however, no attempt was made to prevent a confirmation of the sale by the defendant. Although G. E. Lambie denied receiving the letter of June 20, 1927, from Penix & Barrett, in which they notified him that they had been lenient with him, and would be forced to sell the land right away, he does admit writing to one of the attorneys on the next day a letter which shows that he knew the land was about to be sold, and that he was trying to borrow money with which

to redeem it. In this connection it may be stated that Joe C. Barrett testified positively that G. E. Lambie knew that a decree of foreclosure would be taken on the 10th day of March, 1927, and that he would be given thirty days within which to pay off the decree before the land would be advertised for sale. However, as we have already seen, no appeal was taken from the decree, and no grounds for setting aside the decree on the ground of fraud or unavoidable casualty has been shown.

Therefore the present suit can only be considered as a collateral attack on the decree. In a case-note to 1 A. L. R. 1446, the general rule is stated to be that, where the sale has been confirmed, matters between the decree and the sale cannot be collaterally attacked, and many cases are cited in support of the rule. It is also said that an order confirming a sale of real estate, where the court has jurisdiction, cures all defects and irregularities in the proceedings, and that the judgment cannot be attacked collaterally. This rule has been recognized by this court. In *Byers* v. *Fowler,* 12 Ark. 399, 54 Am. Dec. 271, the court said that, admitting all the irregularities alleged to exist, they could not be brought up collaterally to affect a sale made under a valid execution. It was said that the parties had a right to question the proceeding, but that they must do it directly, and not collaterally.

In *Lawson* v. *Jordan,* 19 Ark. 297, 70 Am. Dec. 596, there were some irregularities in the sale of the land under execution, and the court said this could only be taken advantage of by the debtor himself in a direct proceeding for the purpose, and not in a collateral proceeding. In *Field* v. *Dortch,* 34 Ark. 399, the court had under consideration a sale under a special execution against the property seized, and the court said that the regularity of the exercise of the power depended upon an entire conformity with the statutory direction. The defects in that case the court held to be merely error, and that they could not be collaterally questioned. In *Webster* v. *Daniels,* 47 Ark. 131, 14 S. W. 550, the court had under consideration irregularities in a case where the execution was alleged to be

based upon an insufficient transcript in the circuit court from the justice court, and the court said that this constituted at most an irregularity, and as such could only be taken advantage of by the defendant in a direct-proceeding to quash the process.

Again, in *Stout* v. *Brown,* 64 Ark. 96, 40 S. W. 701, it was held that a sale of attached property under a writ of *venditioni exponas,* after it had been reported to and confirmed by the court, could not be collaterally attacked upon the ground that such writ did not specify the property to be sold, or that the officer sold without authority, or that he sold without giving the notice required by law. Again, in *Stout* v. *Brown,* 64 Ark. 312, 42 S. W. 415, there were some irregularities in the sale that might have been attacked in regard to the price for which the lumber was sold, and the court held that, while the irregularities would not affect the validity of the sale in a collateral proceeding, yet, upon direct attack by appeal from the order confirming the sale, it could be set aside. In that case there was a direct attack by appeal, and the sale was set aside and a renewal order of sale was ordered. The same principle applies to judicial sales where they have been confirmed and are attacked collaterally.

In *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10, the court said that mere errors and irregularities are not grounds for vacating a judgment by way of collateral attack, and that the judgment must be assailed only in a direct proceeding. The court further held that, after a confirmation of a sale has been made by order of the court, all defects and irregularities in the conduct of the sale are cured, and every presumption will be indulged in favor of its fairness and regularity.

Before the confirmation of the commissioner's sale, irregularities may be shown, that the sale was not made in accordance with the provisions of the decree; or any misconduct or unfairness may be shown in order to set aside such sale. All these matters are passed upon by the chancellor when he confirms the sale. After the

confirmation of the sale by the court, all defects and irregularities in the conduct of the sale are cured, and every presumption will be indulged in favor of its fairness and regularity. *Bank of Pine Bluff* v. *Levi*, 90 Ark. 166, 118 S. W. 250.

In the application of these principles to the case at bar, we are of the opinion that, by the order of confirmation, the chancery court adjudged that the decree and the subsequent proceedings of the sale were executed in conformity with the terms of the decree, and were valid. The proceedings are not impeached by anything apparent on the face of the record, and upon a collateral attack the sale must be regarded as valid in fact and in law. Therefore the decree will be affirmed.

MEHAFFY, J., dissents.

### ADDITIONAL OPINION.

HART, C. J. Counsel for appellants, in their motion for rehearing, insist that they have appealed from the foreclosure decree and that this constitutes a direct attack on it. Conceding, without deciding the question whether they have appealed from the foreclosure decree within the time prescribed by the statute, this does not help their case any. On cross-examination Mrs. G. W. Lambie admitted that she had been duly served with summons in the case, and the record shows that fact. The record shows that G. E. Lambie, her son, was duly served with summons, and he admitted that he knew of the pendency of the action. He admitted talking with attorneys for the plaintiff in the foreclosure suit. One who is aggrieved by a judgment rendered in his absence must show, not only that he was not summoned, but also that he did not know of the proceedings in time to make a defense. *Karnes* v. *Ramey*, 172 Ark. 125, 287 S. W. 743. See also *Fore* v. *Chenault*, 168 Ark. 747, 271 S. W. 704; and *C. A. Blanton Co.* v. *First National Bank*, 175 Ark. 1107, 1 S. W. (2d) 558.

Again, this court has held that one who seeks to be relieved from a judgment upon the ground of unavoidable casualty, preventing a defense to the action, must

show that he has a meritorious defense. *Smith* v. *Globe & Rutgers Fire Insurance Company,* 174 Ark. 346, 295 S. W. 388. See also *Minnick* v. *Ramey,* 168 Ark. 180, 269 S. W. 565; and *American Investment Co.* v. *Kennehan,* 172 Ark. 832, 291 S. W. 56.

We adhere to the views expressed in our original opinion, and feel that we cannot grant the relief asked for by appellants without unsettling principles of law which have been uniformly followed and applied by this court. Therefore the petition for rehearing will be denied.