STITH *v.* PINKERT.

4-9297                                        234 S. W. 2d 45

Opinion delivered November 13, 1950.
Rehearing denied December 11, 1950.

*J. R. Booker* and *Tilghman E. Dixon,* for appellant.

*Wm. J. Kirby* and *U. A. Gentry,* for appellee.

DUNAWAY, J. For the second time the question of appellee Pinkert's title to the west ½ of lots 1 to 6 inclusive, block 8, Adams Addition to the City of Little Rock, Arkansas, is before this court. The first case was *Pinkert* v. *Lamb,* 215 Ark. 879, 224 S. W. 2d 15.

In the *Lamb* case, the litigation was between Ed Pinkert and Ella Stith, widow of James H. Stith. Pinkert claimed title through mesne conveyances from Sewer Improvement District No. 94 of Little Rock. The District had purchased the property at a commissioner's sale held pursuant to a decree of the Pulaski Chancery Court rendered November 23, 1937, condemning said lots to be sold for delinquent assessments for the year 1934. Ella Stith claimed in a collateral attack on the foreclosure decree and sale thereunder that they were void for various reasons.

We upheld the validity of the foreclosure sale of the property to the district in the former case and reversed the Chancellor's decree to the contrary. One day before the mandate was issued by this court in that case, the instant suit was begun by appellants herein, Herbert Stith, James H. Stith, Jr., and Melanie Stith Tabor, the

surviving children and heirs of James H. Stith, deceased, who died in 1942. All three appellants are non-residents of the State of Arkansas and have been for many years.

The first action, later transferred to equity, had been begun as one in ejectment by Pinkert against John Lamb, alleged to be in possession of the property as tenant of James H. Stith. At the first trial it was stipulated that Ella Stith was the record title owner prior to the sale of the lots to the District and that she held possession through Lamb as tenant.

It now develops that Ella Stith had only a dower interest in the property and that appellants herein, owners of the fee as heirs-at-law of James H. Stith, had not been made parties to the first action. The stipulation had evidently been made by counsel under a misapprehension of the facts, in an effort to expedite trial of the cause when it was shown that James H. Stith was deceased.

In the instant case, the Stith heirs sought cancellation of Pinkert's deed and an accounting of the rents and profits from the property. They joined as defendants Pinkert and one Schuman, alleged to be tax-title speculators, the receiver of District No. 94 and the Board of Commissioners of said District, certain parties who had collected rents from the property and Ella Stith, mother of one appellant and step-mother of the other two. Only Pinkert and Schuman answered or appeared.

The complaint alleged all the same grounds of invalidity of the foreclosure and sale as were presented in *Pinkert* v. *Lamb, supra,* together with certain new matters. It was alleged that the foreclosure decree was void because James H. *Smith,* rather than James H. *Stith,* had been named as owner in the complaint filed against the property by the District; and because this same mistake was made in naming *Smith* as the owner in the warning order or published notice of pendency of the suit. In addition to these two defects, which were alleged and proved in the *Lamb* case, it was alleged and proved

that in the notice of sale the property was described, but the name of the owner was omitted entirely. It was further alleged that the description in said notice of sale was so indefinite as to void the sale.

At the outset appellees contend that the judgment in *Pinkert* v. *Lamb, supra,* is *res judicata* of the present suit. Appellants, on the other hand, contend that since they were not parties nor privy to the prior suit, the doctrine of *res judicata* is inapplicable and they are not bound by the former judgment. We agree that *res judicata* is not in the case, but the law as declared in the opinion in the *Lamb* case is controlling in the case at bar under the rule of *stare decisis.*

In the *Lamb* case we held that Act 207 of 1937 (Ark. Stats. 1947, §§ 20-441 *et seq.*) governed the procedure to be followed in the foreclosure suit brought by the District. Then it was urged and now appellants argue that Act 207 is violative of the due process clause of the U. S. Constitution, in making the foreclosure proceeding an action *in rem* against the lands, in providing for constructive service and in providing that an incorrect allegation of ownership should be immaterial. In sustaining the constitutionality of the statute we fully discussed these questions in the *Lamb* case. We adhere to the views there expressed.

Appellants further argue that we erred in holding Act 207 applicable since the foreclosure suit was already pending at the time said act became effective March 8, 1937. Appellants argue that the statute should be construed to be applicable only to suits commenced after its enactment. The statute pertained only to the mode of procedure and did not create any new rights or take away any vested rights. ''Practice and procedure include the mode of proceeding and the formal steps by which a legal right is enforced. Those words comprehend writs, summonses, and other methods of notice to parties as well as pleadings, rules of evidence and costs. Practice and procedure indicate the forms for enforcing rights as distinguished from the law which creates, defines and

protects rights." *Duggan* v. *Ogden,* 278 Mass. 432, 180 N. E. 301, 82 A. L. R. 765. As stated by this court in *Foster* v. *Graves,* 168 Ark. 1033, 275 S. W. 653 (at p. 1039) : "The rule established by this court is that statutes in regard to remedies in procedure may be construed to apply to all pending proceedings, and will be so applied unless the language of the statute indicates a contrary intention." There is no such language in Act 207. We adhere to our decision in the *Lamb* case in holding Act 207 of 1937 applicable to this foreclosure proceeding.[1]

As discussed fully in the *Lamb* case, the misspelling of *Stith* as *Smith* in the complaint and warning order did not render void the foreclosure decree of the Chancery Court of November 23, 1937. Section 2 of Act 207 (Ark. Stats. 1947, § 20-441) which prescribed the procedure for enforcing collection of delinquent assessments by sale of the delinquent lands contains this provision: "Said proceedings and judgment shall be in the nature of proceedings *in rem,* and it shall be immaterial that the ownership of the said lands . . . be incorrectly alleged in said proceedings, and such judgment shall be enforced wholly against such property, and not against any other property or estate of said defendant." Validity of a similar statutory provision was sustained by this court in *Ballard* v. *Hunter,* 74 Ark. 174, 85 S. W. 252, affirmed by the Supreme Court of the United States in *Ballard* v. *Hunter,* 204 U. S. 241, 27 S. Ct. 261, 51 L. Ed. 461.

To hold that the obvious clerical error in misstating the name Stith rendered the decree void, would render the quoted statute meaningless. There is no contention made nor anything in the record in the instant case to indicate that there was such a person as James H. Smith, or that Stith and his heirs were in any way misled by this mistake in the complaint and warning order.

We turn now to a consideration of appellants' contention that failure to name the owner in the published

[1] As pointed out in the *Lamb* case, Act 207 of 1937 was subsequently amended by Act 130 of 1939 and Act 195 of 1949, which are inapplicable to the case at bar.

notice of sale rendered the sale void. As already pointed out, the challenged proceeding was one *in rem* against the property. Section 4 of Act 207 (Ark. Stats. 1947, § 20-444) providing for publication of notice of sale contained no requirement that the owner or supposed owner be named. Certainly, if an erroneous allegation of ownership is immaterial in the complaint and warning order omission of the owner's name in the notice of sale would not be a fatal defect.

As to the notice of sale, appellants also argue that the following description used therein was indefinite and confusing: "The following described real estate to-wit: Lots 21, 22, Block 1, Lots 1 to 6, inclusive, 12, 13, 16, 17, Block 4, West 33 feet of East 66 feet of 1, 2, 3, 4, 5, 6, West one-half of 1, 2, 3, 4, 5, 6; 7 to 11 inclusive, Block 8, all in Adams Addition".

It should be noted that the challenged description appeared in the notice of sale and not in the complaint, warning order, or decree of foreclosure. The description used in the earlier steps of the proceeding was as follows: "West ½ of Lots 1-6, incl., Block 8, Adams Addition". Sufficiency of that description was upheld in the *Lamb* case. While a majority of the court is of the opinion that the description in the notice of sale was sufficient, appellants cannot prevail even assuming its insufficiency. Such a defect was cured by the decree of the Chancery Court confirming the sale.

This Court held in *Stout* v. *Brown,* 64 Ark. 96, 40 S. W. 701, that a sale of attached property under a writ of *venditioni exponas,* after it had been reported to and confirmed by the court, could not be collaterally attacked upon the ground that such writ did not specify the property to be sold, or that the officer sold without authority, or that he sold without giving the notice required by law. The *Stout* case was cited with approval in *Lambie* v. *W. T. Rawleigh Co.,* 178 Ark. 1019, 14 S. W. 2d 245. In the later case of *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10, was also discussed in this language (at p. 1029): "The court further held that, after a confirmation of a sale has

been made by order of the court, all defects and irregularities in the conduct of the sale are cured, and every presumption will be indulged in favor of its fairness and regularity." In *Glasscock* v. *Glasscock*, 98 Ark. 151, 135 S. W. 835, it was held that confirmation of a judicial sale of lands cures such irregularities as a failure to advertise the lands. See, also, *Files* v. *Harbison*, 29 Ark. 307, upholding a judicial sale of lands against a collateral attack, where part of the lands had been omitted from the notice of sale.

Appellants have also sought to bring themselves within the rule announced by this court in such cases as *Word, Receiver,* v. *Grigsby,* 206 Ark. 164, 174 S. W. 2d 439, and *Schuman* v. *Person,* 216 Ark. 732, 227 S. W. 2d 160. It is argued that James H. Stith sought to redeem the lots in question, but was prevented from doing so by the mistake or neglect of the official to whom he tried to pay the delinquent assessment. To establish this allegation in their complaint, appellants introduced in evidence two redemption certificates issued to the Homeowners Loan Corporation, which held a mortgage on the property. One certificate was issued in 1934 covering delinquencies for several previous years; the other was issued in 1938 for the delinquent 1937 assessment. No other proof was offered on this issue. Mere proof of two redemptions on other occasions certainly did not prove that as to the 1934 delinquency, James Stith attempted in good faith to pay his taxes and was only prevented from doing so by official misprision.

Even though the foreclosure sale was valid, James H. Stith and his heirs had five years from the date of the sale on March 16, 1938, in which to redeem the property. Ark. Stats., 1947, §§ 20-446, 20-1144. The record does not disclose that they made any effort to do so.

We will not discuss at length appellants' allegations that Pinkert's title was acquired through fraud and collusion. Suffice it to say there is no proof whatever to sustain such allegations.

878

All other arguments of appellants have been considered and are deemed to be without merit.

The decree is affirmed.